# ARTHUR F. ESTABROOK, FRANK BEMIS, STED-MAN BUTTRICK, F. FOSTER SHERBURNE AND E. HUNT ALLEN, CO-PARTNERS, TRADING UNDER THE FIRM NAME OF ESTABROOK & CO.

*vs.*

# THE CONSOLIDATED GAS ELECTRIC LIGHT AND POWER COMPANY OF BALTIMORE.

*Bonds of corporations: secured by deed of trust; when "issued"; held by trustees for specific purpose of retiring other obligations; liens; certificate of indebtedness.*

In general, certificates of indebtedness are not technical liens.
p. 647

But the question is immaterial, when bonds of a corporation, secured by a deed of trust, particularly referred to therein by their serial numbers, are specifically reserved for the particular purpose of retiring such certificates of indebtedness.    p. 647

While the term "issued," as applied to corporate bonds, usually includes the idea of delivery, it may be used to indicate a date from which the obligation runs; and bonds of a corporation fully executed by its proper officers and delivered to the trustee named in the mortgage executed to secure the bonds, and dedicated in the hands of the trustee to a specific purpose (provided for in the mortgage), are "issued" in the sense that they are beyond the power of the issuing corporation to recall, or use them for any purpose other than those designated in the mortgage and to which the bonds are dedicated.    p. 647

*Decided January 23rd, 1914.*

Appeal from the Circuit Court of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George R. Willis,* for the appellants.

*Edgar H. Gans* (with whom was *Charles Markell* on the brief), for the appellee.

*Henry W. Williams* filed a brief on behalf of the Fidelity Trust Company, Trustee.

*Robert F. Stanton* filed a brief on behalf of the outstanding bondholders.

STOCKBRIDGE, J., delivered the opinion of the Court.

By the decree from which this appeal is taken, the firm of Estabrook & Company were required to specifically perform a contract for the purchase of bonds of a par value of $312,000 of the Consolidated Gas Company of Baltimore (hereinafter called the Gas Company).

The bonds contracted to be sold and purchased were a part of an issue of $15,000,000 of bonds provided for by the terms of a mortgage dated April 1, 1904. The validity of a portion of these bonds has been twice before this Court, once in the case of *Diggs* v. *The Fidelity and Deposit Co. et al.,* 112 Md. 50, and once in the case of *Orrick et al.* v. *The Fidelity and Deposit Co. et al.,* 113 Md. 239, and the facts relating to and attendant upon the issue of the bonds provided for in the mortgage are set out with such fullness of detail in the opinions filed in those cases as to render a repetition of them unnecessary.

By the terms of the mortgage a certain number of the bonds to be issued, were to be applied to specific, designated purposes, and not merely was the aggregate amount applicable to each object clearly stated, but bonds bearing named serial numbers were dedicated to each purpose. The cases heretofore before this Court arose out of an attempt to treat as valid under the mortgage, bonds, the proceeds of which had been or were to be used for the acquisition of property by the Consolidated Gas Electric Light and Power Company (hereinafter called the Consolidated Company) after the Gas Company had ceased to exist, as the result of a consolidation; and this Court held that bonds, purporting to be the

obligations of a corporation no longer having any vitality, could not be deemed to be included under the protection of the mortgage, when not issued for a purpose definitely specified in the mortgage, and which bonds up to that time remained unissued and not dedicated to the immediate purpose for which they were proposed to be issued.

The present case arises under an entirely different clause of the mortgage from that under consideration in the prior cases. In both of those this Court was considering the clauses of the mortgage providing for the issuance of bonds for the purpose of acquiring additional plant or property. The clause involved in the present case reads as follows:

"Fifteen hundred (1,500) of said bonds, numbered from one thousand and one to twenty-five hundred, both inclusive, shall be held by the Trustee for the purpose of redeeming the present outstanding certificates of indebtedness of said Gas Company which amount to a sum at face value of one million five hundred thousand dollars ($1,500,000.) ; whenever from time to time the Gas Company shall deliver to said Trustee any of said certificates of indebtedness the said Trustee shall certify and deliver to said Gas Company upon the order of its President and Secretary an amount of said bonds equal at their face value to the face value of the certificates of indebtedness so delivered ; the Trustee shall thereupon cancel such certificates."

It appears from the record that prior to the consolidation and formation of the present appellee all of the bonds mentioned in the foregoing clause had been executed by the officers of the Gas Company, delivered to the trustee, certified by it and that of the fifteen hundred bonds set apart for the redemption or retirement of the certificates of indebtedness which had been issued, eleven hundred and seventy-one had actually been used for the specified purpose. It further appears that subsequent to the consolidation, seventeen more of the bonds had been so used prior to the agreement of sale out of which this case arises. The sole question now is, can

or not the remaining three hundred and twelve bonds of the total number of fifteen hundred provided for in the mortgage be validly sold and delivered and come under the protection of the mortgage?

It is to be observed that the indebtedness for which these bonds were provided, was a valid, existing indebtedness at the time of the consolidation. There was no question of a delivery of the bonds for a purpose or consideration, not in contemplation prior to the consolidation. Bonds bearing named serial numbers were set apart for the express purpose of paying off certificates of indebtedness of the Gas Company to a definite amount, and these bonds had been fully executed by the officials of the Gas Company, delivered to the trustee, certified by it, and the major part of them actually used for the purpose to which they were dedicated by the terms of the mortgage. These fifteen hundred bonds were not, therefore, reserved bonds under the language used in *Diggs* v. *The Fidelity and Deposit Co., supra,* requiring for their valid issue an exercise of the discretion of the directors of the Gas Company. The very question now raised was passed upon, inferentially at least, in the Diggs case, when this Court, speaking through JUDGE SCHMUCKER, said: "The only bonds which remained unissued when the Gas Company became extinct were those authorized either for the retirement of bonds secured by underlying mortgages, or for the future acquisition of additional property." The bonds now in question having thus been held to have been issued, and there being no question raised that the appellee in this case did not lawfully come into possession of them, no reason is apparent why it can not now make a valid sale and delivery of them to the appellants, who will take them with all the protection afforded by the mortgage.

The objections of the appellants to taking and paying for the bonds are three in number, but none of them appear to this Court as well founded. The first contention is, that the certificates of indebtedness were not liens on the property

of the Gas Company, and that therefore, the Consolidated Company can not now validly sell and deliver these bonds. It is, of course, true that a certificate of indebtedness is not a technical lien, but that is immaterial when, as in this case, it is proposed to fund a valid, existing, outstanding indebtedness, and the bonds for that purpose were set apart and issued before the Gas Company lost its vitality. The second ground, "Because there is no covenant in the gas mortgage regarding the payment of the gas certificates," is equally untenable, when in lieu of a covenant for the payment there is an express provision for the funding of the indebtedness represented by the certificates, by the issue of these very bonds. And the third ground is based on the erroneous premise that the bonds now in question have never been issued. This last arises out of a confusion as to the proper meaning to be ascribed to the word "issued." While, when that term is applied to bonds, it usually includes the idea of delivery, it does not invariably do so. The word in fact has several meanings, among them, to go forth as authoritative or binding. 4th *Words and Phrases,* 3779, citing *Potter* v. *Lainhart,* 33 Southern, 251. In financial parlance, the term is sometimes used without reference to the date of sale and delivery, to indicate the date from which the obligation runs. So here, the word must be taken in the sense of fully executed by the proper officials of the mortgagor, and delivered to the trustee, dedicated to a specific purpose, thus placing that which is so executed and delivered beyond the power of the issuing corporation to recall or use for any other than the designated purpose to which by the terms of the mortgage the particular bonds were dedicated.

The Circuit Court of Baltimore City was, therefore, correct in the construction which it placed upon the clause of the mortgage relating to the bonds in question, and the decree appealed from will accordingly be affirmed.

*Decree affirmed, with costs.*