(Decided 17th November, 1892.)

REBECCA WAGONER *vs.* ELIJAH WAGONER.

*Pleading—Insufficient affidavit—Sec. 136 of Art. 16 of the Code—Divorce—Res judicata.*

To a bill praying for a divorce *a vinculo*, certain pleas were filed. A motion was made to strike out these pleas, on the ground that they were not properly verified, the affidavit, while alleging that the pleas were true in point of fact, having failed to assert, as required by section 136 of Article 16 of the Code, that they were not intended for delay. The motion was not set down for hearing, and the validity of the pleas, so far as they were questioned

Wagoner *vs.* Wagoner.

by the motion, was not passed upon, but the Court, in its decree, declared in effect that the pleas should be sustained. HELD:

· That the decree should be reversed, inasmuch as the failure to make the affidavit required, is a fatal defect when seasonably and properly pleaded, and the motion to strike out would have prevailed had it received a hearing.

A bill was filed in 1885, by the complainant seeking a divorce *a vinculo*, and alleging as the ground of her claim that the defendant had been guilty of adultery at various times during the years 1883 and 1884, and on two occasions in the month of October, 1885. This bill was answered, and after due proceedings had, was dismissed by decree of the Court in December, 1886. In May, 1892, the complainant filed another bill for the same purpose against the same defendant, alleging that he had been guilty of adultery prior to the year 1878, and during certain specified years from 1875 to 1882, or some of them. HELD:

That the bill filed in 1892, was barred by the final decree dismissing the bill filed in 1885.

An allegation in the bill of 1892, by the complainant that she was informed of her husband's infidelity during the years mentioned in that bill only a short time or a few days before the filing thereof, will not affect such bar, the complainant not having alleged in said bill that she made any efforts, or, if any, what efforts, in 1885, before she filed her bill of that year, to ascertain the facts set forth in her bill of 1892, all of which are alleged in said last bill to have transpired before the filing of the bill of 1885.

APPEAL from the Circuit Court for Carroll County, in Equity.

The appeal in this case was taken from a *pro forma* decree of the Court below, (ROBERTS, J.) overruling the demurrer of the plaintiff to the defendant's pleas, and sustaining said pleas. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., BRYAN, FOWLER, PAGE, McSHERRY, and BRISCOE, J.

Wagoner *vs.* Wagoner.

*William P. Maulsby*, for the appellant.

*James A. C. Bond*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

Rebecca Wagoner, the appellant, filed a bill in the Circuit Court for Carroll County, alleging that her husband, the appellee in this case, had been guilty of adultery prior to the year 1878, and during other specified years as late as 1882, and praying for a divorce *a vinculo*. To the bill the appellee pleaded *res adjudicata*, to which plea the complainant demurred.

And the question presented by the demurrer is whether the suit so pleaded is a complete bar to the present proceedings.

The Court below overruled the demurrer and ruled the plea to be good.

There is another question, however, which, though presented by the record and referred to in the brief of the appellant's counsel, was not argued, and that is the question arising on the motion filed by the appellant in the Court below to strike out the pleas, on the ground that they were not properly verified—the appellee having made affidavit that his pleas were true in point of fact, but having failed to made affidavit, as required by section 136 of Article 16 of the Code, that they were not intended for delay.

This motion does not appear to have been called to the attention of the Court below, and the final decree from which this appeal is taken, although upon its face it purports to pass only upon the demurrer, does, in effect, declare that the pleas shall be sustained notwithstanding they failed to comply with the requirements of the Code referred to. If the usual and well-settled practice had been followed in this case, the motion which is equivalent to an exception to the pleas, would have been

set down for hearing, and the validity of the pleas, so far as they were questioned by the motion, would have been necessarily passed upon. And, inasmuch as the failure to make the affidavit required is a fatal defect when seasonably and properly pleaded, the motion would have prevailed, and the pleas would have been amended, or such other proceedings would have been taken, so as to present the question which was argued at bar. Although we will be compelled to reverse the decree appealed from, for the reason above given, we will consider briefly the question raised by the demurrer, that being the important question in the case, and the only one which was fully argued by counsel.

The bill filed in this case on the 6th of May, 1892, alleges that prior to the year 1878, and during certain specified years from 1875 to 1882, or some of them, the defendant had been guilty of adultery and had communicated to her a venereal disease or diseases.

The pleas allege that on the 7th November, 1885, the appellant filed a bill in which as the ground of her claim for a divorce *a vinculo*, she alleged that the appellee had been guilty of adultery at various times and on various occasions during the years 1883 and 1884, and on two occasions during the month of October, 1885; that this bill was duly answered by the appellee, and such other proceedings were had on said bill and answer that said bill was dismissed by the decree of the Circuit Court for Carroll County, on the 13th December, 1886.

The question, therefore, is whether the bill filed in this case in 1892, alleging adultery committed prior to 1878, and during the years of 1875, 1876, 1877, 1878, 1879, 1880, 1881 and 1882, or some of them, is barred by a bill filed on the 7th of November, 1885, alleging adulteries committed in 1883, 1884, and in the month of October, 1885, and which last named bill was, as alleged in the plea, dismissed by final decree. It is true that

in the bill of 1892 the appellant alleges that she was informed of her husband's infidelity during the years mentioned in that bill only a short time or a few days before the filing thereof. But nowhere does she allege in this bill of 1892 that she made any efforts, or if any, what efforts, in 1885, before she filed her bill of that year, to ascertain the facts which are set forth in her bill of 1892, all of which are alleged in the last named bill to have transpired before the filing of the bill of 1885. Now, in view of the well-settled principle that it is the interest of the public, to say nothing of litigants, that there should be an end of litigation, it would, we think, be taking a long step in the wrong direction to hold that the bill of 1892 is not barred by that of 1885. The object of the two bills is identical. The parties are the same, and the only difference between the two suits, is that in the first the appellant selected certain acts of adultery alleged to have been committed in 1883, 1884 and 1885, and in the second she selected certain other acts of adultery alleged to have been committed prior to the time mentioned in the first bill—alleging, also, that she had been only recently informed as to the facts alleged in her second bill.

When, however, she filed her first bill in 1885, it was her duty to have secured the information on which she based her second bill in 1892, if it could have been obtained by the exercise of diligence and the use of such means as are usually resorted to by prudent persons to obtain such information. And if she did not see proper to make any effort to present her whole case at once, she ought not now to be allowed to rely upon facts which might have been brought forward and made a part of the subject-matter in contest in the first bill, but which were not therein alleged or made part of her first case, either through inadvertence or negligence. It will not do to say that the facts relied upon in the second bill

were not alleged in the first bill, and could not, therefore, have been proved in the first case, for the answer is, it was the appellant's duty to have either alleged them in the first case or to have shown in this case some good reason or excuse why she did not so allege them. *Henderson vs. Henderson,* 3 *Hare,* 115.

In the case of *Beloit vs. Morgan,* 7 *Wallace,* 622, in speaking of the principle of *res adjudicata,* the Supreme Court of the United States say: "It extends not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery or defence, which might have been, but were not, presented." This is a clear statement of a well-settled rule which is everywhere recognized, but, important as it is, it might as well be abolished if it can be evaded in the manner attempted in this case.

It is not necessary here, nor do we intend now to lay down any general rule that under no circumstances would a second bill for divorce be sustained when based upon acts of adultery which had been committed prior to the filing of the first bill. But we are all of opinion that the bill in *this case* would be barred by the decree passed on the bill of 1885, if the latter had been properly pleaded.

It follows that, although we agree with the Court below in its ruling upon the demurrer, if the plea had been properly verified, we must reverse for the reason that the plea was not so verified, and the motion to strike out should have prevailed.

*Decree reversed, and*
*cause remanded.*

(Decided 17th November, 1892.)