ALVEY *v.* ALVEY ET UX.

[No. 232, September Term, 1960.]

*Decided May 18, 1961.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*George B. Woelfel,* for appellant.

*Eugene M. Childs,* with whom were *Childs & Bald* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

The appellant appeals from a decree of the Circuit Court for Anne Arundel County sustaining a demurrer on behalf of the appellees to his bill of complaint to set aside deeds vesting title as tenants by the entireties in the appellees as to the lot agreed to be conveyed by the appellee R. Bradley Alvey to the appellant, and for specific performance by R. Bradley Alvey alone, without abatement in purchase price.

The bill in substance alleged that the appellant and R. Bradley Alvey are brothers; that on April 29, 1955, R. Bradley Alvey agreed in writing with the appellant to convey from

his waterfront farm a lot of ground running from appellant's land to the waterfront, sketched on a memorandum, filed as an exhibit with the bill, for the sum of $2,750.00, and in accordance with the agreement the appellant paid R. Bradley Alvey $2,250.00, which left a balance of $500.00. That although the appellant frequently offered to pay the $500.00 balance and procure his deed, he was advised by R. Bradley Alvey to wait a little while longer until the property line dispute existing between him and one Raymond W. Michaels was concluded. That some time during the year 1958 R. Bradley Alvey told the appellant that he would not go through with the deal and advised the appellant to get the property the best way he knew how, stating that his wife, Pauline Alvey, would not sign and execute the deed, whereupon the appellant filed suit for specific performance against both appellees on the theory that Pauline Alvey was present throughout the time the appellant and R. Bradley Alvey were making the deal, that she collected the deposit, was pleased with the sale, and that she should be estopped to deny that her husband functioned as her agent. However, the trial court ruled that her actions were not sufficient for estoppel, that the Statute of Frauds prevailed, and her demurrer was sustained by that court and affirmed by the mandate from this Court on December 17, 1959 in *Alvey v. Alvey,* 220 Md. 571, 155 A. 2d 491. That the appellant thereupon dismissed the suit against R. Bradley Alvey, who had filed an answer in the original proceedings, because the appellant had ascertained that on the 7th of November, 1957, the appellees had executed a deed to Emanuel Klawans conveying all his realty, including the lot of ground before mentioned, and that the said Klawans immediately reconveyed the property to the appellees as tenants by the entireties. That the deeds were without consideration and the transfer was fraudulent and made with the intent to hinder, delay, and deprive the appellant of his right to specific performance against R. Bradley Alvey, without any abatement, as Pauline Alvey, never having signed the contract, would still have her dower right in the property agreed to be sold.

The bill prayed: (1) that the deeds between the Alveys

and Klawans be set aside so far as the lot of ground involved is concerned; (2) that specific performance be declared against R. Bradley Alvey without abatement of the purchase price; and (3) for further relief.

The appellees demurred to the bill and the chancellor in sustaining the demurrer stated no reason for so doing. The appellant did not request a written opinion as was his right under Maryland Rule 18 c, consequently we have no way of knowing upon what ground or grounds he based his decision. The demurrer, however, raises four specific questions which were: (a) does the Statute of Limitations bar this action, (b) is the plaintiff guilty of laches, (c) is this cause *res judicata,* and (d) does the doctrine of election bar this action?

On this appeal the conclusive and only question which we deem it necessary to consider is the question of *res judicata,* and we will assume that that ground was at least one of the reasons for the sustaining of the demurrer. Referring to the bill of complaint in the instant suit, it will be seen that the appellant alleges fraud in the transaction of November 7, 1957, where the appellee husband conveyed his interest in the property in controversy to a "straw man" who subsequently reconveyed the property to the appellees, husband and wife, as tenants by the entireties. This bill is based upon the exact same facts and subject matter adjudicated by this Court in the first case of *Alvey v. Alvey, supra.* In that case the question involved the doctrine of estoppel so as to preclude the wife from invoking the Statute of Frauds. In arriving at its decision this Court made it abundantly clear that the wife was not guilty of any misrepresentation or concealment of material facts in her dealings with the appellant. Here the appellant seeks to litigate an issue which he could have litigated in the first case. It is true that the appellant, after having filed his appeal to this Court in the first case, attempted to have it remanded so as to amend his original bill to ask for the relief he seeks presently, that is, partial specific performance without abatement, and that his request was denied. However, enlightened hindsight must give way to a higher principle based on the protection and security of rights, and the preservation of the repose of society. The appellant had

ample knowledge of the straw conveyances before trial in the first case. The deeds were duly recorded and were parts of the public record. Moreover, he could have requested the wife to release her inchoate dower interest when she was present at the time the sale was in its embryo stage. There was no evidence of his having sought to do so, nor is there any good reason assigned for his omission. As was said in *Wagoner v. Wagoner,* 76 Md. 311, 25 Atl. 338: "It will not do to say that the facts relied upon in the second bill were not alleged in the first bill, and could not, therefore, have been proved in the first case, for the answer is, it was the appellant's duty to have either alleged them in the first case or to have shown in this case some good reason or excuse why she did not so allege them."

We conclude that all questions of fact arising in connection with the present transaction between the appellant and the appellees have been litigated and determined in the first suit, not only as to the matters and claims which were presented in that suit, but also as to all matters that could have been presented but were not.

The appellant uses the same facts as in the first case but only seeks different conclusions. He claims that since the first bill did not allege fraud, *res judicata* does not apply. If this were so, it would strike at the essence of *res judicata* and the stability of legal decisions.

The doctrine of *res judicata* is that a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit, where the court had jurisdiction, proceedings were regular, and his omission was due to his own negligence. *Ashman v. Ashman,* 201 Md. 445, 94 A. 2d 257; *Moodhe v. Schenker,* 176 Md. 259, 269, 4 A. 2d 453; *Shirk v. Sneeringer,* 163 Md. 265, 267, 162 Atl. 520; *Stouffer v. Wolfkill,* 114 Md. 603, 609, 80 Atl. 300; *Royston v. Horner.* 86 Md. 249, 253, 37 Atl. 718.

In the case of *Ashman v. Ashman, supra,* at page 451 this

Court quoted with approval the following language from *Henderson v. Henderson,* 3 Hare 115, as follows:

> "In trying this question, I believe I state the rule of the Court correctly that where a given matter becomes the subject of litigation in, and of adjudication by, a Court of competent jurisdiction, the Court requires the parties to bring forward their whole case, and will not, except under special circumstances permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res judicata* applies, except in special cases, not only to the points upon which the Court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time."

We conclude that the trial court was correct in sustaining the demurrer on the ground of *res judicata* and for this reason the decree must be affirmed.

*Decree affirmed, with costs.*