# LEASE-A-CAR, INC. ET AL. v. THOMASSEN LINCOLN MERCURY, INC.

[No. 948, September Term, 1976.]

*Decided June 10, 1977.*

The cause was argued before MENCHINE, DAVIDSON and LOWE, JJ.

*Steven A. Skalet* for appellants.

*Delverne A. Dressel* and *Rourke J. Sheehan,* with whom were *Dickerson, Nice, Sokol & Horn* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Lease-A-Car, Inc. (Lease-A-Car) and Control Leasing Corporation (Control) filed an action at law in the Circuit Court for Montgomery County against Thomassen Lincoln Mercury, Inc. (Thomassen) alleging in separate counts, (1) wrongful conversion of a Lincoln Continental Automobile and (2) intentional and wrongful interference with a contract between Lease-A-Car and one Bentley V. Plummer (Plummer).

Thomassen filed a general issue plea and a plea of *res judicata*. The latter plea alleged that actions concluded in the United States District Court for the District of Maryland entitled *Plummer, et al v. Thomassen, Lease-A-Car and another* and a related cross-claim were complete bars to recovery in the subject action.

Thomassen's motion for summary judgment against Lease-A-Car and Control, grounded upon the principle of *res judicata*, was granted by the trial judge.

Lease-A-Car and Control have appealed from the judgment in favor of Thomassen, contending that the subject action was not barred by the United States District Court litigation.

*Pertinent United States District Court Proceedings*

Bentley V. Plummer [1] filed an action in the United States District Court for the District of Maryland against Thomassen Lincoln Mercury, Inc. (defendant in the subject proceedings). Plummer sought damages from Thomassen for alleged conversion of a Lincoln Continental Mark IV Automobile allegedly leased to Plummer by Lease-A-Car, and for other alleged wrongs incident to that conversion.

Plummer filed a separate action in the District Court against Lease-A-Car seeking damages for alleged negligence causing: trespass *q.c.f.*; conversion; interference with prospective economic advantage; libel; intentional harm; tortious misrepresentation; breach of warranty; breach of contract; and breach of third party beneficiary contract.

---

1. Two other parties plaintiff in that action are without import here.

Both actions in the District Court related to events following a lease by Lease-A-Car to Plummer of a Lincoln Continental Mark IV automobile and the subsequent seizure of that vehicle by Thomassen.

The actions were consolidated by District Court order.

Lease-A-Car answered the Plummer action and filed a cross-claim against Thomassen alleging in substance:

1. That Lease-A-Car purchased the automobile from Thomassen.

2. That the purchase price was fully paid by check on November 9, 1972.

3. That although on the same date Thomassen had informed Lease-A-Car that payment had not been received, it had agreed to take no action to collect the debt or repossess the automobile on assurances that payment was forthcoming.

4. That despite payment Thomassen repossessed the vehicle.

5. That Thomassen thereafter wrongfully delayed return of the vehicle, and

6. That the vehicle was damaged in the course of repossession.

Lease-A-Car claimed "$3,000.00 for damages to said automobile" and judgment "for all sums that may be adjudged against it in favor of [Plummer]."

In due course the consolidated actions came to non-jury trial before the Honorable James R. Miller, Jr., United States District Court Judge. On January 23, 1975, an order was passed that included the following:

"3. That the case between Bentley V. Plummer, plaintiff against Lease-A-Car, Inc. . . . defendant, is dismissed.

4. That the cross-claim of Lease-A-Car, Inc. against Thomassen Lincoln-Mercury, Inc. is dismissed.

6. That judgment be and hereby is entered in

favor of plaintiff, Bentley V. Plummer against defendant, Thomassen Lincoln-Mercury, Inc. for the sum of Seven Hundred Twenty-Nine Dollars and Thirteen Cents ($729.13)."

## The Proceedings Below

Thomassen moved for summary judgment upon the ground that "[Lease-A-Car's] claim set forth in this cause of action was previously adjudicated and determined by a court having a jurisdiction both of the subject matter and over the parties. Accordingly, the doctrine of *res judicata* is a final and complete bar to this action." Attached thereto was an affidavit outlining the proceedings in the United States District Court as previously summarized herein.

Lease-A-Car, opposing the motion for summary judgment, filed an affidavit, in form complying with Maryland Rule 610 b, that asserted the following grounds for denial of the motion:

"That at the Pre-trial in the case of Plummer et al v. Thomassen Lincoln Mercury, Inc. et al, held on January 14, 1975, Lease-A-Car, Inc. moved to amend its Cross-claim against defendant Thomassen Lincoln Mercury, Inc. by including counts alleging wrongful conversation [sic] and interference with contractual relations. These requests were denied by the Court and Lease-A-Car, Inc. was not permitted to amend its Cross-claim to include these counts.

"That at the trial in January, 1975, no evidence was presented by Lease-A-Car, Inc. or Thomassen Lincoln Mercury, Inc. with respect to the various cross claims filed by the parties."

The trial judge granted summary judgment.

On appeal Lease-A-Car and Control contend that *res judicata* does not apply:

1. Because under Federal Rule 13 (g) cross-claims are permissive so that "there is no requirement that any claim

be raised by cross-claim in order to avoid a future assertion of the doctrine of *res judicata*."

2. Because *"res judicata* cannot apply to causes of action which were specifically excluded from the prior litigation."

3. Control contends, additionally, that *res judicata* does not operate as a bar to its claim because it "was not a party to the prior action."

### Effect of Form of Original Cross-Claim

Appellants contend that the fact that a cross-claim is permissive rather than compulsory under Federal Rule 13 (g) operates to prevent the bar of *res judicata* when such claim is prosecuted to final judgment. They have failed to cite any case in support of this novel contention. We think their failure is occasioned by the absence of any decision so holding.

The initiation of an action by a plaintiff in any civil cause is permissive in the sense that its filing is entirely volitional. This fact has no bearing upon the doctrine of *res judicata*. The true principle of that doctrine was thus succinctly stated by the Supreme Court in *Southern Pacific Railroad Company v. United States*, 168 U. S. 1, 48-49, 18 S. Ct. 18, 27, 42 L. Ed. 355, 377 (1897):

> " '. . . a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact *once so determined* must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.' "

Lease-A-Car selected the United States District Court for the District of Maryland as its tribunal of choice in asserting its claim against Thomassen. The unappealed final judgment of that Court [2] forecloses any dispute as to a right,

---

**2.** Jurisdiction on diversity grounds is not disputed.

question or fact put in issue and determined therein. The permissive character of the cross-claim is utterly immaterial.

## The Extent of the Bar of the Judgment

In *Frontier Van Lines v. Md. Bank & Trust Co.*, 274 Md. 621, 336 A. 2d 778 (1975), Judge Singley for the Court of Appeals discussed in some depth the extent of the adjudicative effect of prior judgments of State courts, saying at 623 [780]:

> "The rule of our cases was stated for the Court by Judge Marbury in *Alvey v. Alvey*, 225 Md. 386, 390, 171 A. 2d 92, 94 (1961):
>
>> 'The doctrine of *res judicata* is that a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit, where the court had jurisdiction, proceedings were regular, and his omission was due to his own negligence. [citing cases]' "

He added at 624-25 [780-81]:

> "As Judge Bowen, in dismissing the action, after commenting on the similarity of the two declarations, quite correctly noted,
>
>> 'There is an absolute bar to a second suit if the subject matter was or should have been litigated in the first between the same parties . . . .'
>
> "The ruling of the trial court is in full accord with the principle set forth by this Court in *Sterling v. Local 438*, 207 Md. 132, 140, 113 A. 2d 389, 393 (1955):
>
>> 'If the second suit is between the same parties and is upon the same cause of

action, *a judgment in the earlier case on the merits is an absolute bar, not only as to all matters which were litigated in the earlier case, but as to all matters which could have been litigated.'* (Emphasis supplied.)

We have more recently reaffirmed this view using similar language in *Travelers Insurance Co. v. Godsey, supra,* 260 Md. at 676 and *A. B. Veirs, Inc. v. Whalen,* 256 Md. 162, 166-67, 259 A. 2d 516, 518-19 (1969).

'*Ex parte Carlin,* 212 Md. 526, 532-33, [*In re Carlin's Estate,*] 129 A. 2d 827, 831 (1957), dealing with an analogous factual situation, involved a case in which a son alleged an agreement between his father and himself for legal services to be rendered by the son on behalf of his father. In an incompetency proceeding the son petitioned for and was granted fees for the years 1951 through 1953. After his father's death, the son made a claim against the estate for fees for the years 1937 through 1950. In denying this claim, the Court said:

'It is well established that a single cause of action or an entire claim cannot be split up or divided and separate suits maintained for the various parts thereof. A judgment or decree in a suit for a part only of a single cause of action or entire claim permits res judicata to be successfully relied on if the remainder is sued on later.'

Of similar effect is *Whitehurst v. Rogers,* 38 Md. 503, 515 (1873) involving a suit for trademark infringement where the plaintiff had earlier brought suit alleging different violations of his right and lost:

'It is not the *same act* that is passed upon always in a case of former recovery; but if the same question of right is involved in the second case, as was tried

> and determined in the first, whatever distance in time occurs between the acts, bringing the right in question, the former decision is equally effective.' (Emphasis in original.)"

Is the breadth of applicability of the doctrine less extensive when the initial judgment has been entered by a federal court? [3] We think not.

There can be no doubt that the District Court's jurisdiction extended to resolution of the subject controversy *if it had been asserted* in the litigation pending therein. In *Mine Workers v. Gibbs*, 383 U. S. 715, 725, 86 S. Ct. 1130, 1138, 16 L.Ed.2d 218, 228 (1966), it was said:

> "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole."

In sustaining a motion for summary judgment grounded on *res judicata* under somewhat similar circumstances, it was said in *Ford Motor Co. v. Superior Court*, 35 C.A.3d 676, 679 (1973):

> "A plaintiff may not split a single cause of action and try it piecemeal. To do so violates the public

---

3. Professor Ronan E. Degnan in his comprehensive article *Federalized Res Judicata*, 85 Yale L.J. 741 (1976), early on noted that:

"The recognition of judgments when a federal court is involved — the effect of state judgments on proceedings in federal courts and the effect of federal judgments in state courts and other federal courts — is not governed explicitly by the terms of Article IV, [of the United States Constitution] but is no less important. Still, it is a problem that has received far less attention and is not yet thoroughly worked out." 85 Yale L.J. 741.

Professor Degnan ends his article with a conclusion that the rule of law respecting *Federalized Res Judicata* will read something like this:

"A valid judgment rendered in any judicial system within the United States must be recognized by all other judicial systems within the United States, and the claims and issues precluded by that judgment, and the parties bound thereby, are determined by the law of the system which rendered the judgment." 85 Yale L.J. 773.

policy against permitting litigants to consume court time litigating matters that could and should have been settled in a prior action.... When a party brings an action in federal court in which jurisdiction is based on a substantial federal issue ... the federal court has pendent jurisdiction of the nonfederal issue and may dispose of it while disposing of the federal matter."

### *Privity*

The declaration of appellants itself alleges "Control Leasing is the assignee and successor in interest to the lease agreement between Lease-A-Car and Bentley Plummer." This relationship creates a condition of privity that operates to bar Control as well as Lease-A-Car. In the absence of fraud by Lease-A-Car against Control, the fact that the relationship was created *before* rather than *after* the federal litigation is immaterial. *Rubin v. Leosatis,* 165 Md. 36, 41-42, 166 A. 428, 429-30 (1933).

We perceive no error.

> *Judgment affirmed.*
> *Costs to be paid by appellants.*