Sanford E. WOOL

v.

MARYLAND–NATIONAL CAPITAL
PARK AND PLANNING
COMMISSION, et al.

Civ. No. Y–86–3610.

United States District Court,
D. Maryland.

July 13, 1987.

Norris C. Ramsey, Balto., Md., for plaintiff.

Steven M. Gilbert, Upper Marlboro, Md., for defendant Glendening.

Paul A. McGuckian, Co. Atty., Bruce P. Sherman, and Linda D. Berk, Asst. Co. Attys., Rockville, Md., for all other defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Sanford Wool was formerly employed by the Maryland-National Capital Park and Planning Commission as its Deputy General Counsel. His position was abolished effective July 1, 1984. Plaintiff has sued the Commission, eleven individuals who served on the Commission, and the County Executives of Montgomery and Prince George's Counties, alleging that the arbitrary and capricious act of abolishing his job violated due process. Defendants' motion to dismiss is ripe for resolution.

## I. FACTUAL BACKGROUND

The Maryland-National Capital Park and Planning Commission is responsible for park development, planning and zoning within those portions of Prince George's and Montgomery Counties adjoining the District of Columbia.[1] The Commission is composed of ten members, five of whom make up the Prince George's County Planning Board, and five of whom comprise the Montgomery County Planning Board.

The Commission hired Wool in 1967 as an Associate General Counsel. He was promoted to Deputy General Counsel in 1975, where he served until his position was abolished in 1984. The chain of events culminating in the loss of his job is summarized in plaintiff's complaint as follows.

In October 1983, the head of the Legal Department submitted its proposed budget for the 1984–1985 fiscal year. The budget provided for funding of the Deputy General Counsel position as well as all other career positions in the Legal Department. On December 1, 1983, the Prince George's County Planning Board proposed that the Deputy General Counsel position be demoted to one of Associate General Counsel I. Two weeks later, the Commission acted to abolish the Deputy General Counsel slot, effective July 1, 1984, and to create the position of Associate General Counsel I. The Commission's proposed budget was then forwarded to the County Councils of Montgomery and Prince George's Counties for approval. Both County Councils approved the budget in May 1984.[2]

On February 21, 1984, Wool filed a grievance pursuant to the Commission's Merit System Rules and Regulations, alleging that the Commission improperly and illegally abolished his job. His grievance was denied by Executive Director Thomas Countee on April 13, 1984, and Wool appealed to the Merit System Board. The Board held hearings on July 24, 1984 and September 19, 1984. Plaintiff argued that the decision to abolish his job was a person-

---

1. *See O & B, Inc. v. Maryland-National Capital Park and Planning Commission,* 279 Md. 459, 463, 369 A.2d 553 (1977).

2. Although Wool's job as Deputy General Counsel was abolished as of July 1, 1984, he continued temporarily in another legal position with the Commission until September 28, 1984.

al rather than budgetary decision, that it was based on age and/or religious discrimination, and that the Commission did not provide him with the procedural protections required by its own Rules and Regulations when it abolished his job. The Merit System Board ruled on December 31, 1984 that "very little, if any, direct evidence was produced by the appellant [Wool] to show that the decision to eliminate the Deputy General Counsel's position was done for anything but *bone fide* reasons of economy and/or efficiency." Decision of the Merit System Board at 6 (attached as Exhibit B to defendants' motion to dismiss). The Board determined that the Commission had abided by the Rules and Regulations governing the abolishment of jobs via budgetary action,[3] and it affirmed the Executive Director's decision to deny Wool's grievance.

Wool appealed to the Circuit Court for Montgomery County which, on September 24, 1985, reversed the Board's decision. The Circuit Court determined that the Board committed legal error when it ruled that the decision to abolish Wool's job was budgetary action by the County Councils rather than a Commission decision. The Court found that the record lacked substantial evidence to support the Board's decision that the abolishment was legitimate budget action. It concluded that Wool was denied several procedural protections guaranteed by Chapter 1900 of the Merit System Rules and Regulations, including consideration of all feasible alternatives before abolishing an encumbered career position; a written statement of alternatives considered; and a written rationale for eliminating the position. The Circuit Court ordered the Commission to set aside the abolishment of Wool's job, to reinstate him, and to award back pay. *See* Decision of the Circuit Court for Montgomery County (attached as Exhibit A to defendants' reply memorandum).

The Commission appealed to the Maryland Court of Special Appeals, which, on July 7, 1986, reversed the Circuit Court. The Court of Special Appeals ruled that the abolishment of Wool's job was county council budget action, and that the Commission had abided by the pertinent Rules and Regulations:

An employee whose position is abolished pursuant to [county council budget decision] is entitled to notice, counseling and preferential hiring treatment. Appellee received all of these protections. Since appellee's position was abolished pursuant to county council action under § 1935, it would make no sense for the department head to write a rationale explaining the county councils' action.

Decision of the Maryland Court of Special Appeals at 11 (attached as Exhibit A to defendants' motion to dismiss). The Court of Special Appeals thus upheld the abolishment of Wool's job. Plaintiff's petition for certiorari was denied by the Maryland Court of Appeals on November 11, 1986, 307 Md. 599, 516 A.2d 569 (1986).

Plaintiff filed the instant action on November 28, 1986. Count I of the five-count complaint alleges that defendants' arbitrary and capricious act of abolishing plaintiff's job denied him due process as guaranteed by the Fourteenth Amendment. Plaintiff brings this charge pursuant to 42 U.S.C. § 1983. Count II, brought under 42 U.S.C. § 1985(3), charges that defendants conspired to deny plaintiff his constitutional rights. Count III alleges that the Merit System Rules and Regulations are unconstitutional because they allow employment to be terminated without notice and an opportunity to be heard. Counts IV and V set forth state common law claims for breach of contract and abusive discharge.

---

**3.** The Merit System Rules and Regulations provide that career positions may be abolished for one of several reasons, including a County Council budget decision. Section 1935 of the Rules and Regulations reads as follows:

County Council budget decision. When abolishment results from County Council action

and insufficient time is available to invoke all Chapter Provisions, an employee shall immediately be provided notice, counseled and afforded preferential treatment for six months from the last day of work....

## II. DISCUSSION

Defendants [4] have moved pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss plaintiff's complaint on the ground that, among other reasons, his claims are barred by res judicata. Plaintiff acknowledges that the Maryland courts considered many of the issues raised in plaintiff's complaint and that, normally, his claims would be barred by res judicata. He argues that in this case, however, the Court need not accord the Maryland decisions full faith and credit because the state proceedings were constitutionally deficient. Plaintiff contends that he was denied due process at the administrative hearing because the Merit System Board lacked the power to subpoena witnesses he requested, and those witnesses who appeared did not testify under oath.

Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).[5] The Constitution's full faith and credit clause is implemented by 28 U.S.C. § 1738, which "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984), *quoting Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). Thus this Court must look to Maryland law to determine whether plaintiff's action is barred.

Defendants argue that all claims raised by plaintiff in this federal action either were or could have been raised in the prior state proceedings, thus his claims are barred by res judicata. Plaintiff counters by asserting first that his due process challenge regarding the Merit System Board's lack of subpoena power and testimony taken under oath was raised before, but not considered by, the Maryland courts. Therefore, he argues, that issue is not precluded by res judicata or collateral estoppel. Second, plaintiff contends, because he was denied due process at the administrative hearing, this Court need not accord full faith and credit to the state decisions, and none of his claims is barred by res judicata.

With respect to plaintiff's first contention, defendants argue that the Maryland Court of Special Appeals concluded that plaintiff had received all of the process he was due under the Commission's Rules and Regulations. *See* Decision of the Court of Special Appeals at 11. What the court actually decided is that plaintiff received notice, counseling and preferential hiring treatment, and that was all that the regulations required when a position is abolished by budgetary action. The court did not address the question whether plaintiff was denied due process at the administrative hearing because he could not compel witnesses to appear on his behalf, and testimony was not given under oath.

Only the Board itself discussed that question, which was raised for the first time during the administrative hearing, and the Board determined that plaintiff had not been denied due process. *See* Decision of the Merit System Board at 8. The Circuit Court explicitly declined to address the constitutional question because it reached its decision on other grounds. Thus no Maryland court has addressed this due process claim.

### A.

In evaluating the preclusive effect of a state court judgment, this Court must determine what the state courts would do if confronted with an identical situation. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 361 (4th Cir.1985). In Maryland, res judicata, or claim preclu-

---

4. Defendant Parris N. Glendening, Prince George's County Executive, filed a separate motion to dismiss, which was granted on April 6, 1987.

5. In this opinion, res judicata is synonymous with claim preclusion, while collateral estoppel is synonymous with issue preclusion. For a helpful explanation of preclusion vocabulary, *see* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4402 (1981).

sion, provides that a judgment between the same parties and their privies bars another suit upon the same cause of action, and is conclusive not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit. *Alvey v. Alvey*, 225 Md. 386, 390, 171 A.2d 92 (1961). Issue preclusion applies in a second suit, even though the cause of action is different, to any determination of an issue which was litigated in the first case. *Harding v. Ramsay, Scarlett & Co., Inc.*, 599 F.Supp. 180, 183 (D.Md.1984).

Three requirements must be met for claim preclusion to apply: there must be a final judgment on the merits in the prior suit; the claim must be substantially the same; and the parties must be the same or in privity. *Mears v. Town of Oxford, Md.*, 762 F.2d 368, 372 (1985), *citing Alvey v. Alvey, supra*, 225 Md. at 390.

The test for determining the identity of claims is whether the same evidentiary facts would sustain both suits. *Kutzik v. Young*, 730 F.2d 149, 151–52 (4th Cir.1984), *citing MPC, Inc. v. Kenny*, 279 Md. 29, 33, 367 A.2d 486 (1977). The initial claim that plaintiff pursued before the Merit System Board, and the cause that was finally adjudicated by the Maryland Court of Special Appeals, is whether the act of abolishing plaintiff's job failed to comport with the Commission's Rules and Regulations, and thus violated plaintiff's due process rights. The evidentiary facts to support that claim include all events leading up to the hearing at which plaintiff presented his claim.

The second cause of action concerns plaintiff's alleged denial of due process at the administrative hearing itself, where he was deprived of the ability to subpoena the Commissioners, and where testimony was not taken under oath. The evidentiary facts which would support this claim include events that occurred at the hearing. While facts occurring prior to the hearing might be relevant to the claim, those facts alone would not support the second cause of action. *See MPC, Inc., supra*, 279 Md. at 33–34, 367 A.2d 486 (mere fact that evidence necessary to sustain one action might be admissible in the other is not controlling). Thus, plaintiff has asserted two separate due process violations. The first allegedly occurred when his job was abolished. The second purportedly transpired at the administrative hearing. These do not constitute the same causes of action, therefore the doctrine of claim preclusion does not apply.[6]

For collateral estoppel, or issue preclusion, to apply, the following requirements must be met: the issue raised in the prior action must be identical with the issue presented in the action in question; there must be a prior final judgment on the merits; and the party against whom the estoppel is asserted must have been a party in the prior litigation. *Mears, supra*, 762 F.2d at 374. Collateral estoppel encompasses legal as well as factual issues. *Cook v. State*, 281 Md. 665, 668, 381 A.2d 671 (1978), *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978). *Cf. Dorsey v. Solomon*, 435 F.Supp. 725, 742 (D.Md.1977) (collateral estoppel effect is less often accorded to purely legal issues),

---

**6.** Even if the doctrine of claim preclusion did apply, this Court would still have the authority to entertain plaintiff's due process challenge. Claim preclusion prevents relitigation of issues that were decided, or that could have been raised, in the prior proceeding. The Supreme Court has noted, albeit in dicta, that there may be an exception to res judicata where a state court failed to even acknowledge the existence of the constitutional principle on which a litigant based his claim. *Allen v. McCurry*, 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980). "Such an exception, however, would be essentially the same as the important general

limit on rules of preclusion that already exists: Collateral estoppel does not apply where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue...." *Id.*

In the instant action, the Circuit Court for Montgomery County explicitly did not address the issue, and the Maryland Court of Special Appeals did not even acknowledge plaintiff's due process argument regarding lack of subpoena power and testimony under oath. In light of the language in *Allen*, this Court would have felt obliged to entertain plaintiff's constitutional claim.

*modified on other grounds,* 604 F.2d 271 (4th Cir.1979).

During and after his hearing before the Merit System Board, plaintiff raised the issue that his inability to obtain the testimony of certain witnesses was a denial of his right to due process. *See* Decision of the Merit System Board at 4. The Board considered this issue and determined that it did not constitute a denial of due process. *Id.* at 8. While plaintiff and defendants assert that plaintiff raised this question before the Maryland courts, neither court addressed it.

Had the Maryland courts considered plaintiff's due process argument, and either explicitly affirmed or reversed the Board's conclusion that plaintiff's rights were not violated by lack of subpoena power, then there would have been a final judgment on the merits of this issue, and this Court would likely be barred by collateral estoppel from considering it. *See Woodlawn Ass'n v. Board,* 241 Md. 187, 195, 216 A.2d 149 (1966) (preclusion principles apply to the judgment of a court which affirms or reverses administrative determinations). However, the preclusive status of administrative agency determinations which have not been subjected to judicial review is uncertain. *See Cicala v. Disability Review Board,* 288 Md. 254, 263–64, 418 A.2d 205 (1980).

The Supreme Court recently reaffirmed that "it is sound policy to apply principles of issue preclusion to the *factfinding* of administrative bodies acting in a judicial capacity." *Univ. of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986) (emphasis added), *citing United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). This maxim does not hold force regarding an agency's legal conclusions. While Maryland law is less than clear regarding this issue, this Court concludes that the Board's legal determination, which required no agency expertise and which was announced with reference to no legal authority, is not preclusive as to plaintiff's due process rights at the administrative hearing. Accordingly, the doctrine of collateral estoppel does not prevent this court from addressing the issue.

### B.

Plaintiff argues that because he was denied due process at the administrative hearing, this Court need not accord preclusive effect to the Maryland decisions regarding the abolishment of plaintiff's job. Thus, he contends, none of his federal claims is barred by res judicata.

■ Federal courts are not required to accord full faith and credit to constitutionally infirm state court judgments. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). However, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Id.* at 481, 102 S.Ct. at 1897.

Plaintiff requested that the Commissioners of the Maryland-National Capital Park and Planning Commission attend his hearing to testify. All but one failed to appear. The Merit System Board is not endowed with subpoena power, thus the Commissioners could not be compelled to attend. Plaintiff contends that his inability to call and question these potential witnesses, coupled with the fact that testimony was not taken under oath, deprived him of his rights to due process.

■ No single model of procedural fairness is dictated by the Due Process Clause. *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 610, 94 S.Ct. 1895, 1901, 40 L.Ed.2d 406 (1974). This Court is satisfied that plaintiff was afforded at least the minimum due process required under the circumstances of this case. Plaintiff received ample notice regarding the abolishment of his job, as well as an adequate opportunity to present his complaint to the Merit System Board. On December 7, 1983, plaintiff was informed that the Prince George's County Planning Board proposed to abolish his position in the fiscal year 1985 budget, and that plaintiff was invited to attend a Com-

mission meeting on December 14, 1983 to present a statement regarding the proposal. The Commission's decision to adopt the proposal was communicated to Wool on December 21, 1983, whereupon he was invited to submit a written statement to the Commission challenging its decision. *See* Decision of the Merit System Board at 1.

Plaintiff chose to file a formal grievance with the Executive Director. Upon its denial, he appealed to the Merit System Board. Plaintiff was granted two days of hearings. He submitted numerous documentary exhibits, called witnesses, cross-examined opposition witnesses, submitted legal memoranda for consideration, and received a nine-page opinion from the Board. Although it is unclear whether plaintiff had the benefit of counsel, he is an experienced attorney. Plaintiff also enjoyed the right to appeal the adverse decision through the Maryland judicial system. These procedures surely satisfied the minimum due process required under the Fourteenth Amendment. *See Bethesda Ford, Inc. v. Ford Motor Co.,* 572 F.Supp. 623, 629 (D. Md. 1983). (Plaintiff "was represented by counsel, had full opportunity to cross examine witnesses, introduced several days of testimony and numerous exhibits, and received an eleven page opinion. These procedures certainly satisfy the elementary standards required by *Kremer.*").

Plaintiff contends that despite these procedural protections, his inability to compel the Commissioners to appear and testify constituted a denial of due process. This Court agrees that in a perfect world, the Merit System Board would possess the power to subpoena witnesses,[7] and plaintiff would have been able to confront all Commissioners who played a role in abolishing his job. But lack of subpoena power is not a *per se* denial of due process. *See Prebble v. Brodrick,* 535 F.2d 605, 615–16 (10th Cir.1976) (plaintiff afforded procedural due process at administrative hearing despite lack of subpoena power). Plaintiff Wool possessed other means to present his case. One Commissioner did attend the hearing,

and plaintiff apparently had the opportunity to question him about the decision to abolish the Deputy General Counsel position. Moreover, plaintiff called witnesses to testify about the unusual nature of the decision to abolish his position. He argued to the Board that the Commissioners' refusal to testify at the hearing created the inference that they had nothing to say in defense of their action to abolish his job. The Board considered all this evidence, yet did not agree with plaintiff's conclusions.

If the Board had possessed subpoena power, plaintiff would have enjoyed an additional avenue through which to present evidence in his case. But in light of the other means available to plaintiff, this Court is not convinced that the lack of subpoena power denied plaintiff the minimum procedural protections required by the Fourteenth Amendment. Plaintiff has articulated no reason why the lack of testimony under oath affected his hearing, and this Court does not believe that the absence of the oath requirement hindered the Board members' ability to judge witnesses' credibility and veracity.

Because the state proceedings satisfied the minimum procedural requirements of the due process clause, this Court must accord the Maryland judicial decisions full faith and credit. *Kremer, supra,* 456 U.S. at 481, 102 S.Ct. at 1897.

### C.

◼ Litigation of virtually every count of plaintiff's federal complaint is therefore barred by res judicata. As noted earlier, three requirements must be met for claim preclusion to apply: there must be a final judgment on the merits; the claim must be substantially the same; and the parties must be the same or in privity. *Mears, supra,* 762 F.2d at 372.

The cause of action which plaintiff presented to the Merit System Board and appealed through the Maryland judicial system was whether the act of abolishing his job denied him due process. The highest Maryland court to consider the issue

---

**7.** When the Maryland legislature created the Merit System Board, it did not endow the agen-cy with subpoena power. Md.Ann.Code art. 28, § 2–112.

determined that it did not. Thus, there has been a final decision on the merits. The parties to the two suits are the same because plaintiff challenged the Commission's act of abolishing his job in the state proceedings, and plaintiff currently sues the Commission and eleven Commission members.[8]

The critical question is whether the claims are substantially the same. Count I of plaintiff's complaint alleges that defendants' arbitrary and capricious act of abolishing plaintiff's job denied him due process. This is precisely the claim litigated in the state proceedings and, as such, is barred by res judicata. Count II charges that defendants conspired to deny plaintiff his constitutional rights when they illegally abolished his job. This allegation would be proved by the same evidentiary facts required under Count I, and could have been litigated in the state proceedings. *Alvey, supra,* 225 Md. at 390, 171 A.2d 92. Accordingly, Count II is barred by res judicata. Count IV charges that defendants breached plaintiff's employment contract by failing to adhere to the Merit System Rules and Regulations. The state court's determination that defendants abided by the pertinent regulations precludes litigation of this claim. Count V alleges that defendants violated public policy by failing to follow the Rules and Regulations, therefore the abolishment of plaintiff's job constituted abusive discharge. Again, the state court's decision regarding defendants' act of abolishing the Deputy General Counsel position bars litigation of Count V.

Finally, plaintiff charges in Count III that the Merit System Rules and Regulations are unconstitutional because they allow for termination of employment without notice and an opportunity to be heard. Additional factual information is necessary to understand this Count. While the Commission's appeal of the Circuit Court decision was pending before the Court of Special Appeals, the Commission acted a second time to abolish the position held by plaintiff. This occurred in November 1985, and was accomplished without giving plaintiff notice or an opportunity to be heard. Thus, plaintiff challenges the constitutionality of the Rules and Regulations.

Plaintiff's claim is moot. When the Maryland Court of Special Appeals upheld the legality of the first act of abolishing plaintiff's position, the second act became void. The position of Deputy General Counsel had been legally abolished effective July 1, 1984. A Commission action that has no effect could not have violated plaintiff's rights. Thus there is no justiciable controversy, and Count III must be dismissed. *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is granted.

**8.** It is unclear whether defendant Sidney Kramer, Montgomery County Executive, was a party to the state proceedings. If he was not, then claim preclusion would not apply to him. However, plaintiff would be collaterally estopped from relitigating the abolishment of his job in an action against defendant Kramer.

Moreover, it appears that plaintiff intended to concede that his claims against Kramer should be dismissed. Just after stating in his opposition memorandum that the claims against defendant Glendening should be dismissed for the reasons set forth in his affidavit, plaintiff wrote: "The claims against defendant Sidney Kramer for the reasons set forth in the Defendant's [sic] motion to dismiss." This statement implies that plaintiff agreed the claims against Kramer should be dismissed. But critical verbiage is missing, and this Court is loathe to act upon an implication of consent to dismissal.