885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Louis PEREGOFF, Individually and on behalf of all persons
similarly situated, Plaintiff-Appellant,
v.
BALTIMORE GAS AND ELECTRIC COMPANY, Defendant-Appellee.
 No. 89-1428.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Sept. 15, 1989.
 
 Louis Peregoff, appellant pro se.
 Ronald Dicky Byrd, Stephen Joseph Rosasco, Baltimore Gas & Electric Company, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Louis Peregoff, an attorney, filed this 42 U.S.C. Sec. 1983 action on behalf of himself and all persons similarly situated, challenging Baltimore Gas & Electric's (BG & E) practice of terminating gas and electric service for nonpayment of bills without notice and a hearing. The district court dismissed the action on res judicata grounds, and we affirm.
 
 
 2
 Peregoff brought two state court actions in Maryland in which he also alleged that termination of gas and electric service without notice and a hearing constituted a denial of due process. In both of those actions, as in the present case, Peregoff sought monetary damages, refunds, and injunctive relief to stop the challenged practice, although the requests for relief were worded somewhat differently in each action. The first case, brought before the Baltimore City Circuit Court, was dismissed on the merits. The second action, brought in the Baltimore County Circuit Court, was dismissed on res judicata grounds. After unsuccessfully appealing the second case, Peregoff brought this action.
 
 
 3
 With respect to Sec. 1983 actions, federal courts are required to give the same preclusive effect to prior state court decisions as would be applied in the state court where the original judgment was rendered. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 83 (1984); Kremer v. Chemical Construction Corp., 456 U.S. 461, 466 (1982); 28 U.S.C. Sec. 1738. Therefore, Maryland preclusion law applies to determine whether this action is barred by res judicata.
 
 
 4
 Claim preclusion applies under Maryland law if three requirements are met. First, there must have been a final judgment on the merits in the earlier litigation. Next, there must be identity of the parties or privity among the parties. Finally, the causes of action must be the same. Snell v. Mayor of Havre de Grace, 837 F.2d 173, 175 (4th Cir.1988), citing Alvey v. Alvey, 225 Md. 386, 171 A.2d 92 (1961).
 
 
 5
 All three requirements are met in this action. First, the Baltimore City Circuit Court dismissed the action on the merits, thus constituting a final judgment. Next, the parties are identical in each action. Third, the issues are the same in each case--Peregoff claimed in each case that BG & E's practice of terminating service without notice and a hearing constituted a denial of due process, and in each case he sought damages, refunds, and an end to the practice.[1] In addition, in the Baltimore County Circuit Court action, the court dismissed the case on res judicata grounds, providing this Court with clear evidence of the preclusive effect the first action would have in state court.
 
 
 6
 We affirm the district court's dismissal of Peregoff's action on res judicata grounds.[2] In light of this disposition, we deny Peregoff's motion to dismiss the Clerk of the Court's order for a pro se signature by appellant as moot. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Although Peregoff asserted that the actions were different because of the different wording in the requests for injunctive relief and because of the difference in monetary damages he sought, claim preclusion was properly applied because a difference in legal theory or requested relief does not change the cause of action for preclusion purposes. Kutzik v. Young, 730 F.2d 149, 152 (4th Cir.1984)
 
 
 [2]
 We note that BG & E moved for attorney's fees under Fed.R.Civ.P. 11 in the district court at the time of judgment. As that motion has not been disposed of by the district court, we do not address the motion in this opinion. When the motion is decided, it will be separately appealable to this Court. Budinich v. Becton Dickinson and Co., 56 U.S.L.W. 4453 (U.S. May 23, 1988) (No. 87-283)