730 F.2d 149
 16 Ed. Law Rep. 1044
 Alfred J. KUTZIK, Appellant,
v.
Ruth H. YOUNG, individually and in her capacity as Dean,
School of Social Work and Community Planning, University of
Maryland, and Albin O. Kuhn, individually, and John Toll,
individually and in his capacity as President, University of
Maryland, Appellees.
 No. 82-1264.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 11, 1982.
Decided March 21, 1984.
 
 Glen M. Fallin, Ellicott City, Md., for appellant.
 Frederick G. Savage, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen., Baltimore, Md., on brief), for appellees.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Alfred J. Kutzik appeals from a summary judgment in an action he brought under 42 U.S.C. Sec. 1983. The district court denied relief for several reasons, including res judicata and collateral estoppel. We deferred decision awaiting Migra v. Warren City School District Board of Education, --- U.S. ----, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), and now affirm because claim preclusion bars this action.*I
 
 
 2
 Kutzik joined the faculty of the University of Maryland's School of Social Work and Community Planning as a visiting associate professor for the academic year 1974-75. The university renewed his visiting appointment for each of the next four years. In April 1978, however, Ruth H. Young, dean of the school, informed Kutzik that his contract would not be continued after the 1978-79 academic year. He appealed to Albin O. Kuhn, chancellor of the Baltimore campus, and John S. Toll, president of the university. They refused to disturb the dean's decision.
 
 
 3
 In July 1980, Kutzik brought suit in a Maryland court against Young and the Board of Regents of the university seeking damages, including back pay, and reinstatement. He alleged that Young's decision to terminate his visiting appointment and her failure to name him a full-time associate professor constituted breach of contract. The court dismissed the claim on the ground of sovereign immunity. The Maryland Court of Special Appeals affirmed in an unpublished opinion.
 
 
 4
 While appealing the state judgment, Kutzik filed an action in federal district court against Young, Kuhn, and Toll. He alleged that, by failing to renew his contract and appoint him to a full-time faculty position, the defendants deprived him of liberty and property without due process of law, denied him equal protection of the laws by discriminating against him for his age, and violated the first amendment by retaliating against him for exercising his right to free speech. He sought compensatory and punitive damages, reinstatement, and back pay. He invoked Sec. 1983, the first and fourteenth amendments, and, for jurisdiction, 28 U.S.C. Secs. 1343, 1651, 2201, and 2202.
 
 II
 
 5
 The Constitution's full faith and credit clause, implemented by 28 U.S.C. Sec. 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Construction Corp., 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). In Migra, --- U.S. ----, 104 S.Ct. 892, 76 L.Ed.2d 56, the Supreme Court held that a state court judgment has the same claim preclusive effect on a subsequent federal action based on Sec. 1983 that the judgment would have in a state court. We therefore look to the law of Maryland, where Kutzik initially sought relief, to determine whether this action is barred.
 
 
 6
 There are three requirements for the application of claim preclusion in Maryland. First, there must have been a final judgment on the merits in the earlier litigation. Second, the cause of action must be the same in both suits. Third, there must be an identity of parties or their privies. See Alvey v. Alvey, 225 Md. 386, 390, 171 A.2d 92, 94 (1961). When these elements have been satisfied, Maryland law stipulates:
 
 
 7
 The doctrine of res judicata [that is, claim preclusion] is that a prior judgment between the same parties and their privies is a final bar to any other suit by or against any of them upon the same cause of action. It is conclusive, not only as to all matters that have been decided on the original suit, but as to all matters which with propriety could have been litigated in the first suit.
 
 
 8
 Roberts v. Gates, 24 Md.App. 374, 380, 330 A.2d 705, 709 (1975) (brackets added).
 
 III
 
 9
 The state court's dismissal of Kutzik's claim constitutes a final judgment on the merits. In Maryland, a dismissal based on a defense of sovereign immunity meets the final judgment requirement for application of claim preclusion. Annapolis Urban Renewal Authority v. Interlink, Inc., 43 Md.App. 286, 291-96, 405 A.2d 313, 316-19 (1979).
 
 IV
 
 10
 The test in Maryland for determining the identity of the causes of action is whether the same evidentiary facts would sustain both suits. MPC, Inc. v. Kenny, 279 Md. 29, 33, 367 A.2d 486, 489 (1977). Under that test, two suits constitute the same cause of action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different. See Mettee v. Boone, 251 Md. 332, 341, 247 A.2d 390, 394-95 (1968).
 
 
 11
 Kutzik's state and federal actions sought redress for the same wrong: the refusal to renew his visiting appointment and to provide him with a full-time teaching job. Both relied on the same facts: the events pertaining to the decision to terminate Kutzik's employment. The two actions simply invoked different grounds for recovery based on the same evidence. Maryland courts have concurrent jurisdiction over claims based on Sec. 1983 and the federal Constitution. De Bleecker v. Montgomery County, 48 Md.App. 455, 459, 427 A.2d 1075, 1077 (1981), rev'd on other grounds, 292 Md. 498, 438 A.2d 1348 (1982).
 
 
 12
 It cannot be said, as Kutzik argues, that he was prevented from raising his civil rights claims in the Maryland proceedings because such claims would have subjected him to the defendants' right of removal to federal court and denied him his choice of forum. Although Kutzik would have had no right to keep his suit in state court if federal law allowed removal, he could draw his state complaint to avoid grounds for removal. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938). But the price is the relinquishment of his federal claims. Claim preclusion cannot be defeated by so obvious a ploy. In Migra, --- U.S. at ----, 104 S.Ct. at 898, the Court said, "Section 1983 ... does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims."
 
 V
 
 13
 Although the defendants in the state and federal actions are not identical, they are in privity. In the state action, the defendants were Young and the university's Board of Regents. The declaration alleged that Young, dean of the social work school, was acting within the scope of her employment by the board. It describes the board as the governing body of the university.
 
 
 14
 In the federal action, the defendants are Young, individually and in her capacity as dean; Kuhn, individually; and Toll, individually and in his capacity as president of the university. The complaint alleges that Kuhn was chancellor of the Baltimore campus of the university. The complaint does not allege that the defendants exceeded the scope of their authority as employees of the board when they made the decisions that are the subject of the complaint. On the contrary, the federal complaint alleges: "At all times pertinent hereto, the Defendants and each of them were functioning in their official capacities and acting under color of State law."
 
 
 15
 In Maryland, the test to determine whether nominally different parties are the same is one of substance, not form. Sterling v. Local 438, 207 Md. 132, 144, 113 A.2d 389, 394-95 (1955). Maryland recognizes that a principal and his agent are in privity. McKinzie v. Baltimore & Ohio R.R., 28 Md. 161 (1868). Also, officers of the same government, who have authority to act on behalf of the government, are in privity. Similarly, a subordinate official, who is controlled by and authorized to represent a government agency, is in privity with the agency. See Washington Suburban Sanitary Comm'n v. TKU Assoc., 281 Md. 1, 19-20, 376 A.2d 505, 514-15 (1977) (by implication). Application of these principles demonstrates that the defendants in the federal action--Young, Kuhn, and Toll--who were acting as agents of the board, are in privity with the board, which was a defendant in the state suit.
 
 
 16
 All elements of the Maryland doctrine of claim preclusion have been established. The judgment of the district court is affirmed.
 
 
 
 *
 The term res judicata is sometimes used to describe the preclusive effect of previous judgments on specific issues that have been decided (issue preclusion) and on claims that were or could have been litigated (claim preclusion). Following the Supreme Court, we seek to avoid confusion by using the term claim preclusion instead of res judicata. See Migra, --- U.S. at ---- n. 1, 104 S.Ct. at 894 n. 1, 79 L.Ed. at 59 n. 1