Donaty BEAVER

v.

**Lowell K. BRIDWELL, Secretary, Maryland Dept. of Transportation and Edward Hechmer, Chief, Maryland Toll Facilities Police and Officer Rayford Perry, Maryland Toll Facilities Police.**

**Civ. No. K–83–3875.**

United States District Court,
D. Maryland.

Sept. 24, 1984.

Ralph M. Murdy, Baltimore, Md., for plaintiff.

Robert B. Harrison III and Steven W. Vanderbosch, Asst. Attys. Gen., Maryland Dept. of Transp., Baltimore, Md., for defendants.

Stephen H. Sachs, Atty. Gen. of Maryland, and Evelyn O. Cannon, Asst. Atty. Gen. of Maryland, Baltimore, Md., for defendant Perry.

Benjamin R. Goertemiller, James F. Mewborn and Semmes, Bowen & Semmes, Baltimore, Md., for defendants Bridwell and Hechmer.

FRANK A. KAUFMAN, Chief Judge.

This case arises out of injuries which plaintiff allegedly suffered on February 2, 1983 when he was stopped and arrested by a toll facilities police officer, Perry, for driving his truck in an improper lane. The defendants are (1) the toll facilities police officer; (2) the Chief of the Toll Facilities Police Force, Hechmer; and (3) the Chairman of the Maryland Transportation Authority and Secretary of the Maryland Department of Transportation, Bridwell. Plaintiff seeks damages from Perry in his individual capacity and from the other two defendants in their respective official capacities. The complaint alleges violations of plaintiff's Fourth, Sixth and Fourteenth Amendment rights and of 42 U.S.C. § 1983.

Defendants Bridwell and Hechmer have moved to dismiss the within complaint on several grounds, including, *inter alia,* (1) the bar of res judicata and (2) abstention. Defendant Perry has moved to dismiss plaintiff's complaint only on the bar of abstention. This Court, after hearing oral arguments and receiving written submissions, entered an Order granting the motion to dismiss of defendants Hechmer and Bridwell and denying the motion to dismiss of defendant Perry, for reasons to be set forth in an opinion. This opinion is accordingly being filed.

Plaintiff filed his within complaint in this federal district court on November 8, 1983. On November 7, 1983, one day earlier, plaintiff filed a complaint against the same three defendants, based on the same incident, in the Circuit Court for Baltimore City. In that complaint, plaintiff originally did not raise his § 1983 claim,[1] but chose instead to base his claim on common law tort theory. On March 12, 1984, while defendants' motion to dismiss was pending in this case, the Circuit Court for Baltimore City sustained a demurrer filed by defendants Bridwell and Hechmer on the grounds that those defendants were protected from suit by sovereign immunity. Judgment was entered in their favor in that Court on March 13, 1984. Plaintiff did not file an appeal from that judgment within the thirty-day period prescribed by Rule 812 of the Maryland Rules of Procedure.

*Defendants Bridwell and Hechmer*

"[F]ederal Courts [are required] to give the same preclusive effect to state Court judgments that those judgments would be given in the Courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (footnote omitted). *See Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). That rule arises from 28 U.S.C. § 1738, which provides that state court proceedings "shall

1. In response to a demurrer filed by defendants Bridwell and Hechmer in the state court proceeding, plaintiff did raise the issue of his section 1983 claim.

have the same full faith and credit in every Court within the United States ... as they have by law or usages in the Courts of such State .... That requirement is *not* modified by the fact that the claim asserted in the federal court is based on 42 U.S.C. § 1983. *See Allen v. McCurry, supra; Migra v. Warren City School District Board of Education,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In *Allen,* defendant McCurry had been convicted in a state proceeding during which the trial court had denied his motion to suppress certain evidence allegedly obtained in violation of the Fourth Amendment. *Id.* 449 U.S. at 92, 101 S.Ct. at 413. Defendant thereafter filed a § 1983 action in federal district court alleging a conspiracy to violate his Fourth Amendment rights. The district court granted summary judgment in favor of defendant. The Eighth Circuit reversed. Agreeing with the district court, Justice Stewart wrote that "nothing in the language of § 1983 remotely expresses any congressional intent to contravene the common-law rules of preclusion or to repeal the express statutory requirements of the predecessor of 28 U.S.C. § 1738 ...." *Id.* at 97–98, 101 S.Ct. at 416.

Whether claim preclusion—the barring in a subsequent proceeding of issues which *could have been raised* but were not raised in the first proceeding—applies to a § 1983 suit was left open by the Court in *Allen, id.* at 97 n. 10, 101 S.Ct. at 416 n. 10, but was answered in the affirmative four years later by the Supreme Court in *Migra v. Warren City School District Board of Education, supra,* — U.S. at — – —, 104 S.Ct. at 897–98, 79 L.Ed.2d at 63–64. In *Migra,* a supervisor of elementary education sued her employer, the Board of Education of Warren, Ohio, in state court when the Board failed to renew her employment contract. The state court ruled in favor of the supervisor, granting her reinstatement and compensatory damages. Thereafter, the supervisor instituted an action in federal district court under 42 U.S.C. § 1983 and § 1985, alleging violations of her federal constitutional rights. The district court granted summary judgment for the defendant on the basis of res judicata. After the Sixth Circuit affirmed, the Supreme Court expressed its agreement as to claim preclusion. In so doing, Justice Blackmun wrote:

> In the present litigation, petitioner does not claim that the state court would not have adjudicated her federal claims had she presented them in her original suit in state court. Alternatively, petitioner could have obtained a federal forum for her federal claim by litigating it first in a federal court. Section 1983, however, does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims. We hold, therefore, that petitioner's state-court judgment in this litigation has the same claim preclusive effect in federal court that the judgment would have in the Ohio state courts.

*Id.,* — U.S. at —, 104 S.Ct. at 898, 79 L.Ed.2d at 64 (footnote omitted).[2]

In *Kutzik v. Young,* 730 F.2d 149 (4th Cir.1984), a university professor instituted a breach of contract action in a court of the State of Maryland against the Dean of the University of Maryland School of Social Work and that University's Board of Regents. The professor sought damages and reinstatement. The trial court dismissed the claim on the ground of sovereign immunity—the precise ground upon which defendants Bridwell and Hechmer achieved dismissal in the state court proceeding involved in the within case. The Court of Special Appeals of Maryland affirmed in an unpublished opinion. *Id.* at 151. While an appeal to the Court of Appeals of Maryland was pending, plaintiff sued the Dean, the President and the Chancellor of the University in this Court invoking § 1983 and alleging violations of the First and Fourteenth Amendments. Judge Young of this Court granted defendants' summary judg-

2. The Supreme Court then remanded the case to the district court for a determination of whether Ohio law would preclude the suit. — U.S. at —, 104 S.Ct. at 899, 79 L.Ed.2d at 66.

ment motion. Writing for Chief Judge Winter, Judge Chapman and himself, Judge Butzner affirmed, concluding that, under *Migra,* a federal district court must look to the law of the state in which the judgment was entered to determine its preclusive effect, *id.* at 151, and noting that, in Maryland, a judgment will preclude a subsequent claim when (1) there has been "a final judgment on the merits in the earlier litigation"; (2) "the cause of action must be the same in both suits"—that is, "the same evidentiary facts would sustain both suits"; and (3) "there [is] an identity of parties or their privies." *Id.* at 151–52. In *Kutzik,* Judge Butzner held that those requirements had been met and that under Maryland law, a dismissal based upon sovereign immunity defense is a final judgment on the merits. *Id.* at 151.[3]

In the instant case, defendants Bridwell and Hechmer seek dismissal under res judicata based on the prior judgment on the merits in the Maryland court proceeding. Under Maryland law, as set forth in *Kutzik,* it appears that the requirements for the application of claim preclusion are met. First, as discussed *supra,* the Maryland trial court's dismissal of defendants under sovereign immunity is a final judgment on the merits. Second, the same evidentiary facts sustain both the state court and the within suits.[4] Third, defendants Bridwell and Hechmer are two of the same three defendants sued in the Maryland court. Accordingly, claim preclusion operates herein to bar plaintiff's suit.

Nor does *Pennhurst State School & Hospital v. Halderman,* — U.S. —, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (*Pennhurst II*), teach otherwise. In the first place, a damage suit against state officials sued in their official capacities, as is the situation herein with respect to plaintiff's claims against defendants Bridwell and Hechmer, is barred by the Eleventh Amendment. *See Pennhurst II* at —, 104 S.Ct. at 908, 79 L.Ed.2d at 79. In *Pennhurst II,* the Supreme Court held that the exception set forth in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), permitting an injunction to issue in "a suit challenging the constitutionality [under the Constitution of the United States] of a state official's action," *Pennhurst II* — U.S. at —, 104 S.Ct. at 909, 79 L.Ed.2d at 79, does not permit a "claim" that state officials have "violated *state law*" to avoid the bar of the Eleventh Amendment. *Id.* at —, 104 S.Ct. at 909, 79 L.Ed.2d at 80 (emphasis in original). Herein, plaintiff seeks damages, not injunctive relief, against defendants Bridwell and Hechmer in their official capacities. So plaintiff's claim against those defendants is barred by the Eleventh Amendment both under pre- and post-*Pennhurst II* law. But even if plaintiff were seeking injunctive relief against those two defendants, *Pennhurst II* is of no aid to him.

Plaintiff contends that *Pennhurst II* required him to bring his state-based tort claim against defendants in state court, where the Eleventh Amendment would not operate to bar such action, and his § 1983 claim in federal court. Having bifurcated his claims in accordance with *Pennhurst II,* plaintiff argues that the state dismissal should not be res judicata as to his federal claim. Plaintiff could have brought *all* his claims growing out of the February 2, 1983 incident, including his § 1983 claim, in state court. However, plaintiff apparently wanted not only to seek damages under his state-law-based tort claim, which required him to state that claim in a state court or else, if he stated it in a federal court, to face the bar of the Eleventh Amendment, but also to have his § 1983 claim heard and decided in a federal court. That caused plaintiff to seek to proceed in both state and federal court and to try to bifurcate his two separate claims for relief. That result,

3. To the same effect as *Kutzik* in its interpretation of *Migra; B.C.R. Transport Co. v. Fontaine,* 727 F.2d 7, 11–12 (1st Cir.1984).

4. Both suits arose out of the incident which occurred on February 2, 1983 in which the plaintiff was stopped and allegedly mistreated by Officer Perry.

in a given case, was recognized by Justice Powell in *Pennhurst II* when he wrote:

> It may be that applying the Eleventh Amendment to pendent claims results in federal claims being brought in state court, or in bifurcation of claims. That is not uncommon in this area.... Under the abstention doctrine, unclear issues of state law commonly are split off and referred to the state courts.

*Id.* at ——, 104 S.Ct. at 919–920, 79 L.Ed.2d at 92–93 (footnote omitted).

Thus, even if injunctive relief were involved herein—which it is not—*Pennhurst II* is no aid to plaintiff in resisting the motion to dismiss filed by defendants Bridwell and Hechmer.

*Defendant Perry*

Defendant Perry, sued in his individual capacity, argues in his motion to dismiss that this federal court should abstain from conducting proceedings in this § 1983 case when the same case is pending in state court. In considering the appropriateness of abstention in a § 1983 case due to the pendency of state proceedings concerned with a factual base which is the same as the one in the case in federal court, the Supreme Court has emphasized that, as a general rule, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction ...," *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), *quoting from McClellan v. Carland,* 217 U.S. 268, 272, 30 S.Ct. 501, 54 L.Ed. 762 (1910), in the absence of "exceptional" circumstances. *Id.,* 217 U.S. at 818, 30 S.Ct. at 1246. The Fourth Circuit, in *Kruse v. Snowshoe Co.,* 715 F.2d 120, 123 (4th Cir.1983), summarizing certain of Justice Brennan's views in *Colorado River,* "described some of the factors relevant to [the] application" of the "exceptional-circumstances test." Those factors are:

> (a) the assumption by a state court of jurisdiction over property; (b) the inconvenience of the federal forum; (c) the avoidance of piecemeal litigation; and (d) the order in which the concurrent forums obtained jurisdiction."

*Kruse v. Snowshoe Co., supra,* at 123. In *Kruse,* Judge Sprouse also wrote that in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court "elaborated on the application of the exceptional-circumstances test" and noted:

> [T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. *Colorado River* itself illustrates this principle in operation. By far the most important factor in our decision to approve the dismissal there was the "clear federal policy ... [of] avoidance of piecemeal adjudication of water rights in a river system" ....

*Kruse* at 123.

In *Colorado River,* the Supreme Court held that the water rights issue therein posed caused the case to fall within the rarely used abstention exception. With regard to *Colorado River,* Professor Wright has written:

> Nevertheless, the factual situation in that case was so unusual, and the Court's emphasis on "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" ... was so strong, that the case argues against, rather than for, the use of this practice [abstention] in routine cases ....

Wright, *Law of Federal Courts,* 317 (4th ed.), *citing Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246 (footnote omitted).

Under the analytical framework provided by *Colorado River* and *Kruse,* defendant Perry's argument for abstention is not convincing. To begin with, there is,

as Justice Brennan wrote in *Colorado River* (at 817, 96 S.Ct. at 1246) "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Moreover, the federal courthouse in which the within case is pending is no more than a few blocks from the state forum. Accordingly, little or no inconvenience is involved if this case proceeds—other than the inconvenience of two cases. While piecemeal litigation may occur, that possibility is present in many similar cases. It is true that the state action was filed only one day before the within federal action, which argues, but only slightly, in view of the brief time period, in favor of abstention. On the other hand, it is to be noted that the source of the law in this case is federal. Finally, although the state court can be expected adequately to protect plaintiff's rights, the record herein does not suggest that the state proceeding has gone very far in adjudicating plaintiff's rights against defendant Perry. In light of the Supreme Court's emphasis upon the balance weighing in favor of a federal court's exercise of its jurisdiction and against abstention, a defendant has the burden of showing why abstention is appropriate. That defendant Perry has not so done. Accordingly, denial of defendant's Perry motion to dismiss is required.