842 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph Francis ALEXANDER, Jr., Plaintiff-Appellant,
v.
WARDEN, MARYLAND PENITENTIARY; W. Anderson, Co II;
Commissioner of Correction, Defendants-Appellees.
 No. 87-6642.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 29, 1988.
Decided March 2, 1988.
 
 Ralph Francis Alexander, Jr., appellant pro se.
 J. Joseph Curran, Attorney General, Rex Charles Schultz, Assistant Attorney General, for appellees.
 Before WIDENER, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ralph Francis Alexander, Jr., appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 suit alleging deliberate indifference to his serious medical needs. He contends that the district court erred in finding that his claim was barred by res judicata because he had previously litigated the same claim in a Maryland state court. For the reasons stated below, we affirm the judgment of the district court.
 
 
 2
 If a Sec. 1983 plaintiff has previously litigated his claim in state court, federal courts will give the state court judgment the same preclusive effect that it would receive in that state's courts, as long as the Sec. 1983 plaintiff had a full and fair opportunity to litigate that claim. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984); Allen v. McCurry, 449 U.S. 90 (1980). "There are three requirements for the application of claim preclusion in Maryland. First, there must have been a final judgment on the merits in the earlier litigation. Second, the cause of action must be the same in both suits. Third, there must be an identity of parties or their privies." Kutzik v. Young, 730 F.2d 149 (4th Cir.1984) (citing Alvey v. Alvey, 225 Md. 386, 390, 171 A.2d 92, 94 (1961)).
 
 
 3
 Alexander argues that the cause of action was not the same in both suits. He asserts that the state court action was a common law tort action, while the federal action was based on the alleged denial of his federal constitutional rights. Under Maryland law, "two suits constitute the same cause of action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different." Kutzik, 730 F.2d at 152. Alexander clearly relied on the same facts in both actions. Thus, the second requirement for the application of claim preclusion in Maryland has been satisfied.
 
 
 4
 Alexander also alleges that he did not have a full and fair opportunity to litigate this action in Maryland. He argues that pro se litigants should not be barred from reasserting their claims in federal court even if they have unsuccessfully litigated the same claims in state court. The full and fair opportunity requirement is satisfied if the state proceedings met the minimum procedural requirements of the due process clause. Kremer v. Chemical Construction Corp., 456 U.S. 461, 481 (1982); Lee v. Winston, 717 F.2d 888, 895 (4th Cir.1983), aff'd, 470 U.S. 753 (1985). The due process clause does not require the state to appoint counsel to represent indigent plaintiffs in civil actions for damages. As Alexander has made no other factual allegations tending to show that he was denied a full and fair opportunity to litigate his claims in state court, the district court correctly ruled that Alexander's claim was precluded by the state court judgment against him.
 
 
 5
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.