900 F.2d 252
 16 Fed.R.Serv.3d 325
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lois JENKINS, Plaintiff-Appellant,
v.
COLUMBIA FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION;
Community Mortgage Corporation; Linda S. Vaccaro;
Kyle L. Doniff, Defendants-Appellees.
 No. 89-2301.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 2, 1989.
Decided March 12, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-88-642-PN).
 Joseph S. Friedman, Washington, D.C., for appellant.
 Ronald L. Early, Lerch, Early, Roseman & Frankel, Chartered, Bethesda, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In December of 1980, the appellant, Lois Jenkins, and her husband executed a promissory note to Community Mortgage Company ("Community"), secured by a deed of trust. This note was then purchased by Family Savings and Loan Association of Virginia ("Family"), a federally chartered institution that in 1985 was placed in receivership. The appellee, Columbia First Federal Savings and Loan Association ("Columbia Federal"), subsequently acquired all of Family's assets from the receiver.
 
 
 2
 In 1981, the trustees for Family instituted foreclosure proceedings against the appellant in Maryland state court. The appellant then filed a complaint in equity, also in Maryland state court, challenging the validity of the deed of trust. The suit named as defendants Community and the original trustees of the deed and alleged violations of Maryland banking law and the Truth-In-Lending Act, 15 U.S.C. Secs. 1601 et seq. In 1986, because no further action was taken by the appellant, the trustees, fiduciaries for Columbia First, along with all the defendants, filed a motion to dismiss for want of prosecution. After a hearing, the Maryland court dismissed the case with prejudice.
 
 
 3
 In 1987, after filing a Chapter 13 petition for bankruptcy, the appellant renewed her cause of action to void the lien by filing a complaint in federal district court. Her complaint again named Community, the original trustees, and Columbia First. Upon motion, a grant of summary judgment was issued in favor of Columbia First, as the district court found that prosecution of the case was barred by the doctrine of res judicata. We affirm.
 
 
 4
 To dispose properly of this matter, we must look to the law of Maryland, where the appellant initially sought relief, to determine whether the federal cause of action is barred. Under Maryland law, res judicata will bar a prosecution if the following three-part test is satisfied: first, there must be a final judgment on the merits in the earlier litigation; second, the cause of action must be the same in both suits; and, third, there must be an identity of parties or their privies. Kutzik v. Young, 730 F.2d 149, 151 (4th Cir.1984). It is clear to us from a review of the record that the requirements of identity of cause and of parties are satisfied here. The only question to be resolved is whether the dismissal of the first action with prejudice for want of prosecution is a "final judgment on the merits." We hold that it is. Fed.R.Civ.P. 41(b); Kimmel v. Texas Commerce Bank, 817 F.2d 39, 40 (7th Cir.1987); Continental Waste System v. Zoso Partners, --- F.Supp. ----, No. 88 C2041, Slip Op. (N.D.Ill. Sept. 22, 1989). Therefore, the three-part Maryland test is met, and prosecution of this cause is precluded. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.
 
 AFFIRMED