46 F.3d 1130
 Fed. Sec. L. Rep. P 98,500
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernard V. WASSEL, Plaintiff-Appellant,
v.
Ronald A. SAMUEL, Defendant-Appellee.
 No. 93-2635.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1994.
Decided Jan. 9, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-93-2392)
 Bernard V. Wassel, Appellant Pro Se. Lawrence Stephen Greenwald, GORDON, FEINBLATT, ROTHMAN, HOFFBERGER & HOLLANDER, Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Bernard V. Wassel appeals (1) the dismissal of his complaint claiming that the Defendant committed fraud and misrepresentation and violated the Securities and Exchange Act, and (2) the district court's imposition of sanctions against him pursuant to Fed.R.Civ.P. 11. Finding no error, we affirm.
 
 
 2
 Wassel filed a Complaint in the district court of Maryland based on diversity jurisdiction, stating that Defendant induced him into investing in a limited partnership and that in doing so, Defendant committed fraud and misrepresentation and violated the Securities and Exchange Act. The district court granted the Defendant summary judgment and ordered Wassel to pay the Defendant $2640.57 in attorney's fees pursuant to Fed.R.Civ.P. 11.
 
 
 3
 The claim preclusion doctrine provides that a prior judgment between the parties and their privies is a final bar to any other suit by or against any of them upon the same cause of action. Kutzik v. Young, 730 F.2d 149, 151 (4th Cir.1984). It is conclusive to all issues that have been decided on the original suit and to all issues which could properly have been litigated in the first suit. Id. The three requirements for application of the claim preclusion doctrine in Maryland are: (1) a final judgment on the merits in the earlier litigation; (2) the cause of action must be the same in both suits; and (3) there must be an identity of the parties or their privies. Id. In addition, the claim preclusion doctrine applies without regard to the kind of court which rendered the earlier final judgment. De Maio v. Lumbermens Mut. Casualty Co., 230 A.2d 279, 281 (Md.1967); 28 U.S.C. Sec. 1738 (1988).
 
 
 4
 The record shows that Wassel previously filed a Complaint in a federal district court that alleged essentially the same claims against the Defendant as those alleged in this complaint. In the previous complaint, Wassel alleged that the Defendant: (1) committed securities fraud in violation of the Federal Securities Act; (2) failed to register as an agent under the Maryland Securities Act; (3) committed fraud in violation of the Maryland Securities Act; (4) breached his fiduciary duty; and (5) was involved in a civil conspiracy. The district court granted the Defendant summary judgment with respect to all of the claims except the claim that the Defendant failed to register as an agent in violation of state law, which the district court dismissed without prejudice.[1] Wassel v. Island Planning Corp., No. CA-90-635-JH (D. Md. Feb. 24, 1992). This Court affirmed. Wassel v. Island Planning Corp., No. 92-1280 (4th Cir. Apr. 20, 1993) (unpublished). Wassel subsequently filed an identical suit in state court. The state complaint was based upon precisely the same transactions as the earlier federal suit. The state court granted Defendant's motion to dismiss based on res judicata and expiration of the statute of limitations. Wassel v. Samuel, Case No. 20/159/92CV3648 (Baltimore Cty. Cir. Ct., Aug. 24, 1992). Wassel did not appeal.
 
 
 5
 The instant Complaint is based on the same transactions that were the essence of Wassel's previous complaints filed against the Defendant, and final judgments were rendered on both. Thus, the district court in this case properly granted the Defendant summary judgment.
 
 
 6
 As for the Rule 11 sanction entered against Wassel, the record factually supports the district court's order of sanctions against Wassel. This Court must review all aspects of the district court's determinations under an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990); In re Kunstler, 914 F.2d 505 (4th Cir.1990). If a pleading, motion, or other paper is signed in violation of Fed.R.Civ.P. 11(b), the court shall impose sanctions upon the person who signed it. On its face, Rule 11 applies to both represented and unrepresented parties. Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 551 (1991).
 
 
 7
 In essence, Rule 11 requires an attorney or an unrepresented party to conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances. Business Guides, 498 U.S. at 551; Brubaker v. Richmond, 943 F.2d 1363, 1373 (4th Cir.1991). The three elements of the Rule 11 inquiry are: (1) whether the plaintiff made a reasonable inquiry to determine that the complaint stood well grounded in fact; (2) whether the plaintiff made a reasonable inquiry to determine that the complaint was warranted by existing law; and (3) whether the complaint was filed for an improper purpose. In re Kunstler, 914 F.2d at 513.
 
 
 8
 Wassel violated the second element of the Rule 11 inquiry by failing to make a reasonable inquiry to determine that the complaint was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Wassel filed two previous complaints that were both dismissed. Furthermore, his second complaint was dismissed because of res judicata. Thus, Wassel was aware that he could not file the same lawsuit more than once. Consequently, the district court did not abuse its discretion in ordering sanctions against Wassel. Cooter & Gell, 496 U.S. at 400.
 
 
 9
 The remaining inquiry is whether the amount of the sanctions award was proper. In ordering a monetary sanction, the district court should consider: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum sanction necessary to deter; (3) the ability to pay; and (4) factors relating to the severity of the Rule 11 violation. In re Kunstler, 914 F.2d at 523. "Only attorney time which is in response to that which has been sanctioned should be evaluated." Id. Furthermore, "a district court is required to choose the least severe sanction adequate to accomplish the purpose of Rule 11." Id. The primary purpose of Rule 11 is to deter future litigation abuse, and the amount of a monetary sanction should always reflect the purpose of deterrence. Id. at 522. Furthermore, a district court may properly include in a Rule 11 sanction attorney's fees and expenses that the opponent incurred in establishing the Rule 11 violation. Brandt v. Schal Assoc., Inc., 960 F.2d 640 (7th Cir.1992); see Kunstler, 914 F.2d at 523.
 
 
 10
 The Defendant submitted a memorandum outlining his costs precisely related to the expenses he incurred while responding to Wassel's complaint. The law firm representing the Defendant spent approximately 7.6 hours at $235 per hour responding to the complaint, which equals $1786.[2] The law firm spent an additional 2.8 hours at $235 per hour drafting the Motion for Attorney's Fees, Related Costs, and Penalty, which equals $658. These sums add up to $2640.57. Wassel submitted an opposition to the Defendant's motion for attorney's fees, but did not demonstrate that the sanction was unwarranted, or that he was unable to pay the ordered sanctions. Rather, he realleged the merits of his claims. Therefore, considering the legal baselessness of Wassel's complaint, the district court did not abuse its discretion in ordering Wassel to pay the Defendant $2640.57 in attorney's fees.
 
 
 11
 Accordingly, we affirm the district court's order granting Defendant summary judgment and ordering Wassel to pay Defendant attorney's fees. We deny Wassel's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The federal district court dismissed this claim because it was a state claim
 
 
 [2]
 In addition, the law firm spent $196.57 for duplications, telephone calls, postage, and office supplies