n 362,
malicious abuse of process, false imprisonment, and loss of consor-
tium.

Thereafter, the bankruptcy court went forward with the contempt
proceeding. After the first day of evidentiary hearings, Alexis moved
to dismiss the proceedings because she had filed the February 13th
complaint. The court denied Alexis' motion. The evidentiary hearing
continued and the court ultimately ruled that Germantown had wil-
_____
*See 11 U.S.C. S 362.

fully violated the bankruptcy stay and that damages for attorneys' fees and costs were appropriate.

On May 11, 1998, the district court referred the suit arising out of the February 13th complaint to the bankruptcy court for consolidation with the show cause proceeding. By Memorandum of Decision dated May 10, 1999, the bankruptcy court dismissed all but the loss of consortium claim in the second action. The court found that the Matthews' claims for violation of Section 362, malicious abuse of process, false imprisonment, and malicious prosecution were barred under res judicata by Alexis' earlier litigation of the contempt application.

The bankruptcy court reasoned that Section 362 permits debtors to seek consequential and punitive damages by motion and that the Matthews could have brought their claims before the bankruptcy court in the contempt hearing. Finding that the Matthews were required to bring all of their claims arising out of this same transaction or occurrence at the same time, the court concluded that their failure to do so barred their subsequently filed claims. The court found that (1) the determination that Germantown violated the stay order was a final judgment on the merits; (2) the contempt case involved the same cause of action; and (3) both cases involved the same parties.

However, the court found that res judicata did not bar Theodore's claim for loss of consortium because the earlier action had only been brought by Alexis. The bankruptcy court reasoned that "[a] claim for loss of consortium is not entirely derivative of the Section 362(h) claim." Thus, the court found it unreasonable to require Theodore to join "his loss of consortium claim with A. Matthews' Motion."

On May 18, 1999, the district court issued a Memorandum and Order substantially adopting the bankruptcy court's recommenda-

tions. The sole point of disagreement related to the decision of the
bankruptcy court that Theodore's claim for loss of consortium was
not barred by res judicata. Finding that Maryland loss of consortium
claims stem from the marital entity and that Maryland would not per-
mit a "lone spouse" to "pursue a free-standing loss of consortium
claim," the district court held that res judicata also barred Theodore's
claim. The court stated,

4

> Unquestionably, as a matter of Maryland common law, not
> only are spouses "in privity" in respect to a claim for loss
> of consortium, but indeed, under state law, a loss of consor-
> tium claim may only be maintained by the entireties, as it is
> a joint claim belong[ing] to the marital entity, and not (as in
> some states) a divisible claim maintainable by each spouse
> individually.

This appeal followed.

We review a district court decision to dismiss on the basis of res
judicata de novo. See In re Varat Enterprises, Inc., 81 F.3d 1310,
1314 (4th Cir. 1996). Our review reveals that the district court was
correct to dismiss the Matthews' claims on res judicata grounds. With
regard to the Matthews' claims for malicious abuse of process, false
imprisonment, malicious prosecution, and violation of Section 362(h),
we affirm for substantially the same reasons given by the district and
bankruptcy courts. While the loss of consortium claim raises a some-
what more complicated issue, we agree with the district court that the
special nature of the claim under Maryland law precludes its litigation
in light of the earlier contempt proceeding. The only element in the
question with regard to the loss of consortium claim is the identity of
the parties.

The Matthews contend that res judicata should not bar the loss of
consortium claim because the alleged damage to the marital entity
giving rise to the loss of consortium claim "did not have to automati-
cally be raised in the bankruptcy proceedings." Under Maryland law,
there are three elements that must be established for res judicata to

apply: (1) identity of the parties; (2) the same cause of action; and (3)
a final judgment on the merits in the earlier suit by a court of compe-
tent jurisdiction. See Kutzik v. Young, 730 F.2d 149, 151 (4th Cir.
1984) (citing Alvey v. Alvey, 225 Md. 386, 390 (1961)).

The Maryland Court of Appeals has recently discussed the nature of loss of consortium claims under Maryland law, stating as follows:

A claim for loss of consortium arises from the loss of
society, affection, assistance, and conjugal fellowship suf-
fered by the marital unit as a result of the physical injury to

5

> one spouse through the tortious conduct of a third party.
> Deems v. Western Maryland Railway Company, 247 Md.
> 95, 100, 231 A.2d 514 (1967). . . . A comprehensive discus-
> sion of the consortium claim was set forth by this Court in
> Deems in which we held that damage to the marital relation-
> ship is a compensable injury. We further concluded that a
> consortium claim must be filed jointly by a couple and tried
> concurrently with the claim of the physically injured spouse
> in order to avoid duplication of awards.

Oaks v. Connors, 339 Md. 24, 33 (1995).

Here, the identity of the parties element is established by Mary-
land's rule that a loss of consortium claim belongs to the husband and
wife jointly and may only be brought in a joint action. This rule
places Theodore and Alexis in privity, extends the reach of res judi-
cata to Theodore, and satisfies the identity of the parties requirement.
See Kutzik, 730 F.2d at 151 (holding that privity establishes identity
of the parties element). Moreover, in this case, equity favors the appli-
cation of res judicata to the loss of consortium claim: Theodore was
aware of the show cause proceeding; Alexis and Theodore had both
filed for bankruptcy in a joint petition; and Alexis consciously chose
to proceed under 362(h), an action that permitted the addition of the
damages claim they later brought.

AFFIRMED

6UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4227