Filed:  June 6, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-1874
(CA-99-1360-AMD, et al)

Theodore Matthews, Jr., et al,

Plaintiffs - Appellants,

versus

Germantown Injury Care Center, Inc., et al,

Defendants - Appellees.

O R D E R

The court amends its opinion filed May 19, 2000, as follows:

On page 3, first paragraph -- the sentence which starts on line 4 is changed to begin "She was later brought to court ...."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: THEODORE MATTHEWS, JR. and
ALEXIS DIANNE MATTHEWS,
Debtors.

THEODORE MATTHEWS, JR.; ALEXIS
DIANNE MATTHEWS,
Plaintiffs-Appellants,                                            No. 99-1874

v.

GERMANTOWN INJURY CARE CENTER,
INCORPORATED; PARAGON
MANAGEMENT SYSTEMS,
INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-1360-AMD, BK-97-1-5344-DK,
AP-98-1-A482-DK)

Argued: April 3, 2000

Decided: May 19, 2000

Before MICHAEL and TRAXLER, Circuit Judges, and
Roger J. MINER, Senior Circuit Judge of the
United States Court of Appeals for the Second Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Murray Leonard Deutchman, Rockville, Maryland, for Appellants. Peter Thomas McDowell, Timonium, Maryland, for Appellees. **ON BRIEF:** Edward L. Blanton, Jr., Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case presents an appeal from an order of the United States District Court for the District of Maryland (Davis, J.) adopting the recommendation of the United States Bankruptcy Court to dismiss, on res judicata grounds, the plaintiffs-appellants' damages claims under 11 U.S.C. § 362 and Maryland common law claims for abuse of process, false imprisonment, and malicious prosecution. The plaintiffs-appellants also appeal from so much of the district court's order as dismissed their joint claim for loss of consortium. Finding no error, we affirm.

In 1994, plaintiff-appellant Alexis Matthews ("Alexis") sustained serious injuries for which she obtained medical treatment. Among her medical care providers was the defendant-appellee Germantown Injury Care Center, Inc. ("Germantown"). Subsequently, Alexis was unable to timely pay her medical and other bills and the Matthews (Alexis and Theodore, her husband) filed a joint petition for bankruptcy under Chapter 7. On June 1, 1997, the bankruptcy court issued a Notice of Commencement of Case, which contained instructions that creditors should not take any action against the debtors without first seeking the permission of the bankruptcy court. Nevertheless, on July 7, 1997, Germantown requested the issuance of a body attachment for Alexis so she would appear in court in aid of Germantown's

2

efforts to collect on the past due debt. The Clerk of the District Court of Maryland caused a bench warrant to issue, the body attachment was executed, and Alexis was taken into custody, handcuffed, and incarcerated. She was later brought to court, where she was released on bond pending resolution of the bankruptcy.

Alexis applied to the bankruptcy court for the entry of an order holding Germantown in contempt for causing the body attachment to issue in violation of the bankruptcy court stay. In her application, Alexis specifically asserted that Germantown's actions were taken "notwithstanding the provisions of the United States Bankruptcy Code Section 362."* She requested (1) a declaratory judgment that Germantown had violated the bankruptcy laws; (2) damages in the form of attorneys' fees and costs; (3) a permanent injunction against further efforts to collect the debt without court permission; and (4) whatever further relief would be proper. With her application, Alexis submitted a proposed order to show cause to the bankruptcy court. On January 26, 1998, the bankruptcy court signed the proposed order, issuing a "Show Cause Order For Contempt and Damages Pursuant to 11 U.S.C. Section 362(h)." After the signed order had been entered, copies were sent to Alexis' attorney. Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

On February 13, 1998, the Matthews filed a complaint against Germantown in the United States District Court for the District of Maryland, seeking damages of $300,000 for violation of Section 362, malicious abuse of process, false imprisonment, and loss of consortium.

Thereafter, the bankruptcy court went forward with the contempt proceeding. After the first day of evidentiary hearings, Alexis moved to dismiss the proceedings because she had filed the February 13th complaint. The court denied Alexis' motion. The evidentiary hearing continued and the court ultimately ruled that Germantown had wil-

_____

*See 11 U.S.C. § 362.

3

fully violated the bankruptcy stay and that damages for attorneys' fees and costs were appropriate.

On May 11, 1998, the district court referred the suit arising out of the February 13th complaint to the bankruptcy court for consolidation with the show cause proceeding. By Memorandum of Decision dated May 10, 1999, the bankruptcy court dismissed all but the loss of consortium claim in the second action. The court found that the Matthews' claims for violation of Section 362, malicious abuse of process, false imprisonment, and malicious prosecution were barred under res judicata by Alexis' earlier litigation of the contempt application.

The bankruptcy court reasoned that Section 362 permits debtors to seek consequential and punitive damages by motion and that the Matthews could have brought their claims before the bankruptcy court in the contempt hearing. Finding that the Matthews were required to bring all of their claims arising out of this same transaction or occurrence at the same time, the court concluded that their failure to do so barred their subsequently filed claims. The court found that (1) the determination that Germantown violated the stay order was a final judgment on the merits; (2) the contempt case involved the same cause of action; and (3) both cases involved the same parties.

However, the court found that res judicata did not bar Theodore's claim for loss of consortium because the earlier action had only been brought by Alexis. The bankruptcy court reasoned that "[a] claim for loss of consortium is not entirely derivative of the Section 362(h) claim." Thus, the court found it unreasonable to require Theodore to join "his loss of consortium claim with A. Matthews' Motion."

On May 18, 1999, the district court issued a Memorandum and Order substantially adopting the bankruptcy court's recommendations. The sole point of disagreement related to the decision of the bankruptcy court that Theodore's claim for loss of consortium was not barred by res judicata. Finding that Maryland loss of consortium claims stem from the marital entity and that Maryland would not permit a "lone spouse" to "pursue a free-standing loss of consortium claim," the district court held that res judicata also barred Theodore's claim. The court stated,

4

> Unquestionably, as a matter of Maryland common law, not
> only are spouses "in privity" in respect to a claim for loss
> of consortium, but indeed, under state law, a loss of consor-
> tium claim may <u>only</u> be maintained by the entireties, as it is
> a joint claim belong[ing] to the marital entity, and not (as in
> some states) a divisible claim maintainable by each spouse
> individually.

This appeal followed.

We review a district court decision to dismiss on the basis of res
judicata <u>de novo</u>. <u>See In re Varat Enterprises, Inc.</u>, 81 F.3d 1310,
1314 (4th Cir. 1996). Our review reveals that the district court was
correct to dismiss the Matthews' claims on res judicata grounds. With
regard to the Matthews' claims for malicious abuse of process, false
imprisonment, malicious prosecution, and violation of Section 362(h),
we affirm for substantially the same reasons given by the district and
bankruptcy courts. While the loss of consortium claim raises a some-
what more complicated issue, we agree with the district court that the
special nature of the claim under Maryland law precludes its litigation
in light of the earlier contempt proceeding. The only element in the
question with regard to the loss of consortium claim is the identity of
the parties.

The Matthews contend that res judicata should not bar the loss of
consortium claim because the alleged damage to the marital entity
giving rise to the loss of consortium claim "did not have to automati-
cally be raised in the bankruptcy proceedings." Under Maryland law,
there are three elements that must be established for res judicata to
apply: (1) identity of the parties; (2) the same cause of action; and (3)
a final judgment on the merits in the earlier suit by a court of compe-
tent jurisdiction. <u>See Kutzik v. Young</u>, 730 F.2d 149, 151 (4th Cir.
1984) (citing <u>Alvey v. Alvey</u>, 225 Md. 386, 390 (1961)).

The Maryland Court of Appeals has recently discussed the nature
of loss of consortium claims under Maryland law, stating as follows:

> A claim for loss of consortium arises from the loss of
> society, affection, assistance, and conjugal fellowship suf-
> fered by the marital unit as a result of the physical injury to

5

one spouse through the tortious conduct of a third party. <u>Deems v. Western Maryland Railway Company</u>, 247 Md. 95, 100, 231 A.2d 514 (1967). . . . A comprehensive discussion of the consortium claim was set forth by this Court in <u>Deems</u> in which we held that damage to the marital relationship is a compensable injury. We further concluded that a consortium claim must be filed jointly by a couple and tried concurrently with the claim of the physically injured spouse in order to avoid duplication of awards.

<u>Oaks v. Connors</u>, 339 Md. 24, 33 (1995).

Here, the identity of the parties element is established by Maryland's rule that a loss of consortium claim belongs to the husband and wife jointly and may only be brought in a joint action. This rule places Theodore and Alexis in privity, extends the reach of res judicata to Theodore, and satisfies the identity of the parties requirement. <u>See Kutzik</u>, 730 F.2d at 151 (holding that privity establishes identity of the parties element). Moreover, in this case, equity favors the application of res judicata to the loss of consortium claim: Theodore was aware of the show cause proceeding; Alexis and Theodore had both filed for bankruptcy in a joint petition; and Alexis consciously chose to proceed under 362(h), an action that permitted the addition of the damages claim they later brought.

<u>AFFIRMED</u>

6